

CV 11-08232   JVS
                       MLG

FILED
2011 OCT -4 AM 9: 46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY___

LODGED
CLERK, U.S. DISTRICT COURT
SOUTHERN DIVISION
SEP 3 0 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| People of the State of California | ) | CASE NO: BA 377243 |
| | ) | ReF. Belaw To: |
| v. | ) | BA 130843 |
| | ) | DECLARATION OF |
| Briand Williams, | ) | DOMBROWSKI |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

I, Dale Dombrowski do declare the following as to the County Archives Court COPYING DEPARTMENT. I tried to obtain Certified copies of the below stated documents on the above mentioned case. The Archive Department in Los Angeles only certified one document of the three requested.

I requested copies of the following documents: Register Page, Dept. Transfer Memo, and what look like a docket sheet of the file.

The Archives department would only certify the **Register Page.**

Their explanation was that they could not certify the other two requested documents (Dept. Transfer Memo, and docket sheet) because they were not filed in to the court.

I, declare that the above mentioned declaration is true and correct and sign under penalty of perjury.

Licensed process server #6428 L.A. County

Dale Dombrowski
1515 Ximeno Ave.
Long Beach, CA 90804
(562) 310-6346

*Dale Dombrowski*   4-26-2011
Dale Dombrowski

# Transfer Memo

TO:         Dept. 100

FROM:    Dept. 122

DATE:      7 - 15 - 96

CASE:      Peo. v. Williams

This matter has been transferred to your court for _____ trial _____

_____

1382 Status: Day 60 of 60 as of ____ 7-16-96 ____

Last day is ____ 7-16-96 ____

Prosecution offer to settle this case:   Probation

Defense offer to settle this case:   Probation But only as a misdemeanor

Court's offer:   P's offer OK   D's offer NOT acceptable

Time estimate for trial:   5-7 Days

Other comments:   Δ had this case Dismissed earlier
(e.g. witnesses in custody, security concerns, interpreter needs etc.)

Defense counsel needs the file to proceed and is attempting to get it -

trans 100
8/10/93

7/5
✓ 261.5

Exhibit One

THE PEOPLE OF THE STATE OF CALIFORNIA VS

NUMBER BA 130843

| DEFT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIAN BERNARD | $50000 | P 288-C | | | J. MARTINEZ DPD |
| | 10 23 1965 | | C06 CTS | | | |
| | WILLIAMS LOGAN BERNARD AKA | | | | | |

Disposal-List D2 002

| Division or Mun. Ct. 46 | Date of Crime 02 13 1995 | Arresting Agency LAPD – SOUTH | Superior Court Judges Carol West |
|---|---|---|---|

Complaint Filed: 05 03 1996

Arraignment Set For 05 17 1996 In Dept. 122 CENTRAL

PROBATION NO. K 1605614

Preliminary transcript and ____ copies filed ____ forwarded to ____ on ____

Copy of transcript received

| DATE | DEFT | PROCEEDINGS | | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|---|
| | | INFORMATION FILED | Certificate on guilty plea filed | Indictment filed | | |
| 5-17-96 | 122 | X A/PNG PTC SET 6-25-96 8/122 | | | LSM | PP | KAMARA |
| | | TR SET 7-8-96 8/122 | | | | |
| | | | | | | |
| 7/8/96 | 122 | _____ 7-15-96 8/122 _____ | | | NO Crittenden |
| 7-15-96 | 122 | TRANSF TO DEPT ? ON 7-16-96 | | | REM PP | |
| 7-16-96 | 100 | TRANSF TO 134 | | | RE PP | GALLEGOS |
| 7/16/96 | 134 | WPPNG CT Leonard Plnol C | | | | |
| | | 288.C PC CT 1 subject 3 years | | | | |
| | | 40C CJ sept $200 icood t 96 | | | m peterson |
| | | | | | | |

FURTHER PROCEEDINGS CONTINUED ON BACK SIDE

| DEFT. NO. | BOND FILED | NAME OF SURETY | | NAME OF AGENT |
|---|---|---|---|---|
| | | | | |

Exhibit – "A"

# WARNING! — READ THIS! – YOU COULD BE SENT TO PRISON!

DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTION 6200 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE)

| PEOPLE: vs BWOR | CENTRAL | Bench Warrant | | | CASE NO. BA130843 | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | BAIL INFORMATION | | | |
| | X- 160 S614 | Isc. | Swd/ Rcld | Bond No. | Ferf | Rein | Exon |
| 01 WILLIAMS BRIAND BERNARD 288.C 06 CTS WILLIAMS LOGAN BERNARD 90000 | DEFT'S ATTY: J. MARTINEZ, PD AKA | | | | | | | |
| | X- DEFT'S ATTY: | | | | | | | |
| | X- DEFT'S ATTY: | | | | | | | |

| Into/indic/Cert of GP filed & set: 05 17 1996 | DEPT 122 | TRIAL JUDGE: | | STATUS |
|---|---|---|---|---|
| Date of Crime: 02 12 1995 | | PEOPLE'S ATTORNEY: | | |

| | | | | |
|---|---|---|---|---|
| -2 | 5-17-96 | D | PD APPT'D; PLEA & JUN DEN; PTC SET 6-25-96 8:30/122 (39/60); TRIAL SET 7-8-96 8:2/122 (59/60) | Rem |
| 2 | 6-25-96 | 01 | PTC held TD remains 7-8-96 8:30/122 | Rem |
| -2 | 7-8-96 | 01 | TRIAL TRLD 7-15-96 8:30/122 (59/60) | 01 | Rem |
| 2 | 7-15-96 | 01 | TRANS FOR TRIAL 7-16-96 8:15/100 60/60 | Rem |
| 2 | 7/16/96 | 1 | Jury transf D134 PAN | |
| 2 | 7-16-96 | 01 | Cause trans from D100, Cop P no's to Ct. (288.C) PC. Kennedy, I word suspd. Prob 3 yrs 4600 + camp (301) (PSI) Rel | |
| P | 8-4-98 | P | Prob cont 5T.C, Matter OK | PRD |

Exhibit "B"

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                   FOR THE COUNTY OF LOS ANGELES

3    DEPARTMENT 100           HON. GEORGE G. LOMELI, JUDGE

4

5    PEOPLE OF THE STATE OF CALIFORNIA,   )
                                          )
6                          PLAINTIFF,     )
                                          )      SUPERIOR COURT
7              VS.                        )      NO. BA377243
                                          )
8    BRIAND WILLIAMS,                     )
                                          )
9                          DEFENDANT.     )      COPY
     _____)

10

11

12              REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                  TUESDAY, FEBRUARY 15, 2011

14

15

16

17   APPEARANCES:

18   FOR THE PLAINTIFF:      STEVE COOLEY, DISTRICT ATTORNEY
                             BY:  SHADI KARDAN, DEPUTY
19                           18000 CRIMINAL COURTS BUILDING
                             210 WEST TEMPLE STREET
20                           LOS ANGELES, CALIFORNIA  90012

21   FOR THE DEFENDANT:      RONALD COHEN,
                             BAR PANEL ATTORNEY
22                           555 WEST FIFTH STREET
                             LOS ANGELES, CA 90013

23

24

25

26                           CANDACE J. HENRY, #9311
                             OFFICIAL REPORTER

27

28

*Exhibit - "C"*

```
 1    CASE NAME:              PEOPLE VS. BRIAND WILLIAMS

 2    CASE NUMBER:            BA377243

 3    LOS ANGELES, CALIFORNIA  TUESDAY, FEBRUARY 15, 2011

 4    DEPARTMENT 100          HON. GEORGE G. LOMELI, JUDGE

 5    REPORTER:              CANDACE J. HENRY, CSR #9311

 6    TIME:                  11:00 A.M.

 7

 8    APPEARANCES:  (AS NOTED ON TITLE PAGE.)

 9

10        THE COURT:  PEOPLE VERSUS BRIAND BERNARD WILLIAMS.

11    COUNSEL, APPEARANCES IF YOU WILL.

12        MR. COHEN:  ROBERT COHEN, BAR PANEL, WITH

13    MR. WILLIAMS.

14        THE COURT:  ALL RIGHT.

15        MS. KARDAN:  GOOD MORNING, YOUR HONOR.

16    SHADI KARDAN REPRESENTING THE PEOPLE IN THIS MATTER.

17        THE COURT:  ALL RIGHT.  THERE ARE A COUPLE OF

18    ISSUES IN THIS MATTER.  I UNDERSTAND THIS CASE PROCEEDED

19    WITHOUT A PRELIMINARY HEARING.  THERE'S A WAIVER OF

20    PRELIMINARY HEARING.  IS THAT CORRECT?

21        MR. COHEN:  YES, HE DID.

22        THE COURT:  AND YOUR CONTENTION IS, I TAKE IT AND

23    I MAY BE WRONG AND I NEED YOU TO EDUCATE ME IN THAT

24    REGARD, THAT YOUR PREMISE FOR THE MOTION TO DISMISS IS

25    THAT MR. WILLIAMS WAS NEVER GIVEN FORMAL NOTICE THAT HE

26    HAD TO REGISTER.

27        MR. COHEN:  THAT'S RIGHT.  AND HE WAS NEVER GIVEN

28    NOTICE AT ALL.
```

1    THE COURT:  IN A NUTSHELL.

2    MR. COHEN:  IN A NUTSHELL, THAT'S IT.

3    THE COURT:  FIRST OF ALL, THE PROBLEM IS BECAUSE

4  THERE WAS NO PRELIMINARY HEARING YOU COULDN'T HAVE FILED

5  A 995.

6    MR. COHEN:  RIGHT.

7    THE COURT:  ALL RIGHT.  NOW, YOU CAN'T -- WHAT

8  KIND OF MOTION YOU'RE GOING TO FILE -- YOU'RE GOING TO

9  FILE AN EVIDENTIARY MOTION IN FRONT OF JUDGE STERLING ON

10  THE ISSUE THAT HE WAS NEVER GIVEN NOTICE?

11    MR. COHEN:  I HAVE, YES, THREE -- THREE PLATFORMS.

12    THE COURT:  WHAT DID YOU CALL IT?  JUST A MOTION

13  TO DISMISS?

14    MR. COHEN:  YES.

15    THE COURT:  OKAY.

16    MR. COHEN:  DO YOU WANT IT?

17    THE COURT:  YEAH, LET'S TAKE A LOOK.

18    MS. KARDAN:  YOUR HONOR, IT'S ACTUALLY A MOTION

19  FOR NEW TRIAL.

20    MR. COHEN:  IT'S A MOTION TO DISMISS.

21    MS. KARDAN:  IF I MAY CLARIFY --

22    MR. COHEN:  MOTION FOR NEW TRIAL.  AND IT'S ALSO A

23  MOTION BECAUSE OF THE STATUTE OF LIMITATION GROUNDS.

24    THE COURT:  MOTION FOR NEW TRIAL OF HIS ORIGINAL

25  CASE?

26    MR. COHEN:  THAT HE WAS NEVER GIVEN NOTICE.

27    THE COURT:  WELL, OBVIOUSLY --

28    MR. COHEN:  THE PLEA WAS -- THAT'S CORRECT.

1    THE COURT:  -- JUDGE STERLING COULDN'T HAVE

2    HANDLED THAT MOTION FOR NEW TRIAL.  HE WASN'T THE JUDGE

3    WHEREIN THE CASE WAS HEARD, I TAKE IT.

4    MR. COHEN:  THAT'S RIGHT.

5    THE COURT:  ALL RIGHT.  IT SAYS DEFENDANT'S MOTION

6    FOR DISMISSAL OF THIS ACTION OR A NEW TRIAL AND/OR

7    ARREST OR JUDGMENT.

8    MR. COHEN:  ARREST JUDGMENT --

9    THE COURT:  OKAY.  1118, 1185, 1118, 1185 MOTION

10   FOR NEW TRIAL, COMMONLY MOTION TO DISMISS.  NOW, IT'S

11   REALLY AN EVIDENTIARY MOTION AT THIS POINT.  YOU COULD

12   HAVE DONE IT BY 995.  OBVIOUSLY, THAT DIDN'T WORK

13   BECAUSE YOU DIDN'T HAVE A PRELIMINARY HEARING.

14   MR. COHEN:  RIGHT.

15   THE COURT:  YOUR ONLY -- THAT'S -- IN THIS COURT'S

16   EYES, YOUR ONLY AVENUE AT THIS POINT IS 1118.1.  THAT'S

17   PURELY AN EVIDENTIARY ISSUE.  AND JUDGE STERLING --

18   GO AHEAD AND STEP BACK, COUNSEL.

19   MR. COHEN:  THANK YOU.

20   THE COURT:  JUDGE STERLING, IN MY OPINION, IS

21   CORRECT.  HE CAN'T HANDLE THE MOTION FOR NEW TRIAL AS A

22   WAY OF TRYING TO REMEDY THE SITUATION.

23   JUDGE REHM, FIRST OF ALL, SHOULD HAVE

24   PROCEEDED TO TRIAL IN THIS MATTER.  IT WAS -- AND CAME

25   OUT OF -- IN THE EVIDENCE THAT HE'D NEVER RECEIVED

26   ADEQUATE NOTICE, WHETHER TERMS AND CONDITIONS OF

27   PROBATION THAT HE SHOULD HAVE REPORTED, THAT WOULD HAVE

28   BEEN RIPE FOR AN 1118.1 IF INDEED THAT WAS THE SCENARIO.

4

1   BUT TO FILE A MOTION FOR NEW TRIAL IN FRONT OF JUDGE

2   STERLING -- AND JUDGE REHM MAY HAVE NOT BEEN CLEAR ON

3   WHAT HE WAS DOING, BUT -- AND THAT'S ONE ISSUE.   THE

4   OTHER ISSUE IS IT APPEARS FROM YOUR SYNOPSIS OF THE

5   TRANSCRIPTS THAT MR. WILLIAMS -- AND I'M UNCLEAR WHETHER

6   HE ACTUALLY WAIVED TIME.   IT LOOKS LIKE HE HAD AN

7   AGREEMENT WITH YOU TO WAIVE TIME, BUT DID HE ACTUALLY ON

8   THE RECORD WAIVE TIME?

9         MR. COHEN:   YES.

10        MS. KARDAN:   NO.

11        MR. COHEN:   YES.

12        THE COURT:   WAIT A MINUTE.

13        MR. COHEN:   ACCEPTANCE -- BUT IT WAS AN

14   ACCEPTANCE.

15        THE COURT:   WAIT.   DID HE SAY YES?

16        MR. COHEN:   HE SAID RELUCTANTLY.   AND I DON'T --

17   JUDGE REHM ASKED HIM TO BE CLEAR ONE WAY OR THE OTHER.

18   HE DIDN'T RESPOND TO --

19        THE COURT:   WELL --

20        MR. COHEN:   THEN IT WAS -- BUT HE -- HE WAIVED

21   TIME.

22        THE COURT:   WELL, WAIT A MINUTE.   THAT'S NOT CLEAR

23   AS WELL.   YES.

24        THE DEFENDANT:   I CAN ANSWER EXACTLY.

25        THE COURT:   GO AHEAD.

26        MR. COHEN:   YOU BETTER NOT.   YOU BETTER NOT.

27        THE COURT:   NO.   NO.   NO.   THE COURT HAS ASKED HIM

28   POINT BLANK.   DID YOU WAIVE TIME, SIR?

1        MR. COHEN:  I'M OBJECTING TO IT.

2        THE COURT:  NOTED FOR THE RECORD, COUNSEL.

3              DID YOU WAIVE TIME?

4        THE DEFENDANT:  MY FIRST ANSWER WAS YES.

5        THE COURT:  YES?

6        THE DEFENDANT:  AND I ADDED OTHER WORDS.  AND I

7    SAID YES TWICE.

8        THE COURT:  SO YOU DID WAIVE TIME.  IS THAT --

9        THE DEFENDANT:  YES.

10       MR. COHEN:  YES.

11       THE COURT:  AS YOU STAND HERE, YOU WAIVED TIME?

12       THE DEFENDANT:  IT'S IN THE TRANSCRIPT.

13       MS. KARDAN:  YOUR HONOR, I'M SORRY.  CAN WE JUST

14   GO BACK FOR A SECOND THERE.

15       THE COURT:  SURE.

16       MS. KARDAN:  I ACTUALLY RESPONDED TO COUNSEL'S

17   MOTION YESTERDAY BECAUSE I HAVE CONCERNS BECAUSE I WAS

18   PRESENT AT THE TIME.  I WAS THE TRIAL DEPUTY ASSIGNED TO

19   THIS CASE.

20       THE COURT:  OKAY.

21       MS. KARDAN:  WHEN THIS CASE GOT SENT TO TRIAL,

22   COUNSEL ANSWERED READY IN 100.  IN THE HALLWAY, COUNSEL

23   HANDS ME THIS MOTION FOR A NEW TRIAL WHICH, QUITE

24   FRANKLY, IS COMPLETELY INAPPROPRIATE IN THIS MATTER.  IF

25   COUNSEL IS TRYING TO ASK FOR A NEW TRIAL ON THE CASE

26   THAT'S HAS BEEN ADJUDICATED SINCE -- SUCH AS I

27   UNDERSTAND THE CASES, THIS IS NOT THE VENUE HE SHOULD BE

28   USING TO DO THAT.  AND BESIDES THERE WAS NEVER A TRIAL

1    IN THAT CASE ANYWAY.  THERE WAS A PLEA.

2         THE COURT:  OKAY.

3         MS. KARDAN:  I'M NOT REALLY HERE TO ADVOCATE FOR

4    MY -- FOR THE DEFENSE, BUT, REALLY, COUNSEL'S VENUE IS

5    TO ASK FOR A MOTION TO WITHDRAW THE PLEA IN THE CASE IN

6    122 WHERE THIS CASE WAS PLED IN 1996 AND DEAL WITH THAT

7    MATTER SEPARATELY.  IT SEEMS TO BE OUT -- COUNSEL DID

8    NOT KNOW THAT'S THE VENUE HE SHOULD BE USING.  INSTEAD,

9    HE HAS NOW WRITTEN THE SAME EXACT MOTION UNDER DIFFERENT

10   AUTHORITY WHICH IS NOT APPLICABLE AND PLACED BASICALLY

11   MYSELF IN THIS -- AS THE TRIAL DEPUTY IN A BIZARRE

12   SITUATION BECAUSE I HAVE AN INDIVIDUAL WHO WAS PRESENT

13   ON THURSDAY AS AN EIGHT OF 10 WHEN DEFENSE ALREADY

14   ANSWERED READY FOR TRIAL AND SO HAD THE PEOPLE.

15         THE DEFENDANT CAME OUT.  HE WAS INCREDIBLY

16   DIFFICULT.  HE CAUSED JUDGE REHM, WHO IN MY EXPERIENCE

17   HAS A VERY MELLOW TEMPERAMENT, TO GET VERY UPSET AND

18   IRRITATED WITH HIM.  HE CONTINUOUSLY ASKED HIM IF HE'S

19   WILLING TO WAIVE TIME.  MR. WILLIAMS' ANSWER WHICH I

20   CLEARLY WAS PRESENT TO WAS ONLY -- THIS IS UNDER DURESS.

21   I'M NOT -- YOU KNOW, I'M -- HE WAS SO ADAMANT ABOUT THE

22   FACT THAT HE WAS NOT GOING TO REALLY DO THIS WILLINGLY

23   THAT JUDGE REHM TRIED TO FIND GOOD CAUSE TO CONTINUE

24   THIS MATTER WHICH IS WHY WE'RE HERE TODAY.

25         BECAUSE UPON FURTHER REVIEW OF THE MOTION

26   THAT WAS FILED WHICH I THINK IS COMPLETELY NOT ONLY

27   UNTIMELY BUT COMPLETELY IMPROPER GIVEN THE AUTHORITY

28   THAT COUNSEL SITES FOR WHAT HE REALLY ESSENTIALLY NEEDS

1    TO DO TO PROCEED THE WAY HE WANTS TO PROCEED HAS NOW PUT

2    ME IN A BIND WHERE WE HAVE AN INDIVIDUAL WHO TECHNICALLY

3    IS ON THE LAST DAY OF TRIAL.  I'M READY TO GO.  SO, YOU

4    KNOW, I HAVE A DEFENDANT WHO'S NOT WAIVING TIME.  I'M

5    READY TO GO FOR TRIAL.  AND I HAVE BEEN READY.

6            AND I THINK THAT EITHER DEFENSE IS NOW

7    WILLING TO WAIVE AND TRY TO PURSUE THE PROPER VENUE OF

8    PURSUING THIS, WHATEVER HE WANTS TO DO AS FAR AS WITH

9    DRAWING THE PLEA OR -- I'M NOT HERE TO ADVOCATE FOR THE

10   DEFENSE.  I'M HERE TO PROSECUTE THIS CASE.  AND I DON'T

11   THINK THAT -- I THINK IT'S JUST GOTTEN CONFUSING.  AND I

12   WAS THERE TO SEE WHAT HAPPENED.  SO I TRIED TO CLARIFY

13   THAT IN MY MOTION IN RESPONSE TO DEFENSE'S MOTION.  I

14   MYSELF ASKED THAT THIS CASE BE BROUGHT FORWARD BECAUSE I

15   FEEL THAT THE DEFENDANT GIVEN HIS RELUCTANCE TO WAIVE

16   TIME IN JUDGE REHM'S COURT HAS PUT ME IN A BIND AS A

17   TRIAL DEPUTY THAT I WOULD NEED TO BRING HIM TO TRIAL AT

18   THIS POINT.

19           THE COURT:  OKAY.  AND I SEE FROM YOUR MEMO THAT

20   YOU HANDED ME, COUNSEL, IT SAYS MR. WILLIAMS SAID THAT

21   HE WAS RELUCTANT TO AGREE BECAUSE HE HAD WILLINGLY

22   AGREED TO A CONTINUANCE IN JANUARY.  IF MR. WILLIAMS

23   FREELY AND VOLUNTARILY WAIVED TIME, I'M HARD PRESSED TO

24   UNDERSTAND HOW JUDGE REHM WOULD HAVE FOUND GOOD CAUSE OR

25   AT LEAST PUT HIMSELF IN THAT POSITION TO HAVE TO FIND

26   GOOD CAUSE TO CONTINUE THE MATTER.  YOU KNOW, GENERALLY

27   THAT'S DONE WHEN, YOU KNOW, THERE'S A SITUATION WITH TWO

28   DEFENDANTS AND YOU'RE GOING TO JOIN ONE WITH THE OTHER

1    AND ONE IS RELUCTANT TO WAIVE TIME AND THE OTHER ONE

2    ISN'T.  THEN YOU KEEP THEM JOINED AND FIND GOOD CAUSE

3    OVER THE OBJECTION OF THE OTHER.

4              THAT'S WHAT'S NOT CLEAR, I GUESS.  THE

5    MINUTE ORDER IS NOT CLEAR IF HE IN ANY WAY EXPRESSED

6    THAT HE WAS WAIVING TIME RELUCTANTLY OR UNDER COERCION

7    OR WHAT HAVE YOU.  THAT IS NOT FREELY AND VOLUNTARILY.

8    EVEN IF HE REMAINS SILENT, OUT OF AN ABUNDANCE OF

9    CAUTION AND TO PRESERVE HIS CONSTITUTIONAL RIGHTS, I

10   WOULD HAVE DECLARED, AS I WOULD IMAGINE MOST BENCH

11   OFFICERS WOULD, THAT HE DID NOT WAIVE TIME.  AND THAT'S

12   -- THAT'S WHY YOU'RE HERE TODAY.

13             BECAUSE, NUMBER ONE, I FIND THAT YOUR

14   REQUEST TO HAVE A MOTION FILED TO DISMISS IS NOT THE

15   CORRECT AVENUE TO PURSUE THIS.  I THINK COUNSEL IS

16   ABSOLUTELY CORRECT.  IF THERE WAS A DEFICIENCY OR

17   INFIRMITY WITH THE PLEA THAT HE ENTERED INTO IN 122,

18   THEN YOU DO MAKE A MOTION TO WITHDRAW THE PLEA AT THAT

19   POINT FOR SOME, YOU KNOW, VIOLATION OF LAW, VIOLATION OF

20   CONSTITUTIONAL RIGHTS, OR WHAT HAVE YOU, WHATEVER --

21   WHATEVER BASIS YOU MAY HAVE.  BUT CERTAINLY TO ASK THE

22   TRIAL COURT TO ENTERTAIN THAT MOTION IS NOT THE WAY TO

23   GO.  YOU'D HAVE TO WAIT UNTIL THE 1118.1 AFTER THE

24   PROSECUTION RESTS.  AND IT'S THEIR BURDEN TO PROVIDE

25   THAT ADEQUATE NOTICE WAS RECEIVED FOR YOUR CLIENT IN

26   ORDER TO GIVE RISE TO THE CHARGES IN QUESTION.

27             I'LL HEAR FROM YOU AT THIS POINT, COUNSEL.

28        MR. COHEN:  THANK YOU.

1          FIRST OF ALL, I JUST WANT TO LET THE COURT

2     KNOW HE DID AGREE TO WAIVE TIME.  AND THEN HE ADDED A

3     WHOLE BUNCH OF STUFF THAT WAS REALLY NOT TO THE POINT.

4     HE WAS RELUCTANT TO DO IT.  HE WAS DIS- -- BUT FREELY

5     AND KNOWINGLY, HE WAIVED TIME.  HE TALKS.

6          THE COURT:  SO WHY GOOD CAUSE?  WHY DID THE

7     JUDGE --

8          MR. COHEN:  BECAUSE PROBABLY OVER ABUNDANCE OF

9     CAUTION.

10          THE COURT:  YOU CAN'T --

11          MR. COHEN:  WHY DON'T YOU GET A TRANSCRIPT, JUDGE,

12     AND COME BACK AFTER LUNCH.

13          THE COURT:  ALL RIGHT.

14          MR. COHEN:  BECAUSE A TRANSCRIPT WILL ELUCIDATE

15     EVERYTHING.

16          THE COURT:  THE DEFENDANT REFUSED TO DEFINITIVELY

17     STATE WHETHER HE WILL OR WILL NOT WAIVE TIME.  THE COURT

18     THEREFORE FINDS GOOD CAUSE TO CONTINUE.  MINUTE ORDER

19     DATED FEBRUARY 10TH, 2011.

20          ROSEMARY ARTEAGA IS THE REPORTER.  LET'S

21     GET A COPY OF THAT.  SHE SHOULD BE ABLE TO LOOK IT UP.

22     HE CAN'T DO BOTH.  IF HE EXPRESSES ANY RELUCTANCE -- I

23     SHOULD TELL YOU IF HE FREELY AND VOLUNTARILY DID IT,

24     THERE'S NO REASON FOR THE JUDGE TO HAVE TO FIND GOOD

25     CAUSE.

26          MR. COHEN:  I UNDERSTAND.

27          THE COURT:  AND IF THAT'S THE CASE, THEN WE'RE AT

28     A 10 OF 10 POSITION AT THIS POINT.  AND WE HAVE A COURT

10

1    FOR YOU TO SEND YOU OUT.

2         MR. COHEN:  BUT I DON'T UNDERSTAND.  WHAT I DON'T

3    UNDERSTAND IS JUDGE REHM LOOKED AT THE MOTION.  HE SAID

4    YES, IT SHOULD BE HEARD.  AND IT SHOULD BE HEARD BECAUSE

5    IT'S DISPOSITIVE, NUMBER ONE.  NUMBER TWO, IT'S -- IT

6    REALLY GOES TO THE FUNDAMENTAL --

7         THE COURT:  I UNDERSTAND.

8         MR. COHEN:  I'M NOT -- I'M TRYING TO MAKE A MOTION

9    BECAUSE IT SHOULD BE --

10        THE COURT:  IT SHOULD BE --

11        MR. COHEN:  MARCH 1 THIS WAS SET.  IT WASN'T THAT

12   ANYONE CHOSE IT EXCEPT 119 SAID THEY COULDN'T DO IT ON

13   THE 4TH OF FEBRUARY WHICH IS WHAT WE FIRST --

14        THE COURT:  I UNDERSTAND ALL OF THAT, BUT THE FACT

15   THAT THIS SHOULD BE HEARD COULD HAVE A SAME -- I'VE

16   LOOKED AT YOUR MOTION.  IT'S NOT AN APPROPRIATE MOTION

17   IN MY COURT I'M HEARING YOUR MOTION AT.  AND SO THIS IS

18   AN INAPPROPRIATE MECHANISM WITH WHICH TO BRING THIS

19   MOTION.  IT SHOULD BE A MOTION TO WITHDRAW THE PLEA.

20   AND SO YOUR MOTION'S BEEN HEARD -- AND THAT'S NOT THE

21   APPROPRIATE AVENUE.  AND THE MOTION HAS BEEN HEARD AND

22   THE JUDGE RULES ACCORDINGLY, THAT'S HEARING THE MOTION.

23   IT DOES NOT MEAN THEY'LL GIVE MERIT TO THE CASE OR MERIT

24   TO THE MOTION.

25            LET'S GET -- IF I FIND -- IF I FIND ANY

26   KIND OF HESITATION ON HIS PART, I'M GOING TO FIND THAT

27   HE DID NOT WAIVE TIME.  AND I'M SENDING YOU GUYS OUT TO

28   TRIAL.  THAT WILL BE IT.

1    MR. COHEN:  CAN WE --

2        THE COURT:  THIS CERTAINLY WILL RESOLVE THE ISSUE.

3    ALL RIGHT.  YOU KEEP RAISING YOUR HAND, SIR.

4        THE DEFENDANT:  YOUR HONOR, ON JANUARY THE 13TH,

5    THE REPLACEMENT JUDGE MR. WILLIAM SCHILLING --

6        THE COURT:  STERLING.

7        THE DEFENDANT:  I'M SORRY.  -- STERLING.  AND

8    COUNSEL FINDS -- COUNSEL FINDS MOTION HONORABLE JUDGE

9    TOLD ME I WAIVED TIME FROM JANUARY 26TH, I WOULD BE ZERO

10   OF 15 -- I HAVE 15 DAYS TO HAVE YOUR TRIAL.  IF YOU

11   COUNT 15 DAYS FROM JANUARY 26TH, WHICH IS WHAT I TOLD

12   THE JUDGE ON THE RECORD, THE ACTUAL DATE THE 10TH WAS

13   THE LAST DAY.  AND I WAS TRYING TO EXPLAIN THAT TO THE

14   JUDGE THAT I'M NOT EIGHT OF TEN.  IT'S 15.  15 DAYS FROM

15   THE 26TH.  WHEN I GAVE MY WAIVER ON JANUARY -- I MEAN,

16   ON JANUARY 13TH, WAS MY LAST DAY ON THE 10TH.  AND

17   THAT'S WHAT I WAS EXPRESSING TO HIM WHEN I SAID MY YES.

18   KEPT SAYING NO, IT'S NOT A WEEK.  AND I ORIGINALLY WAS

19   TOLD MY BY COUNSEL THE MOTION WAS GOING TO BE HEARD ON

20   FEBRUARY 24TH.  AND THEN THE JUDGE SAYS, NO IT'S GOING

21   TO BE MARCH 11TH.  AND I STATED ON THE RECORD, I'M TIRED

22   OF BEING LIED TO.  I'M TIRED OF BEING LIED TO.  BECAUSE

23   I KNEW THE 15 DAYS HAD ALREADY PASSED FROM JANUARY 26TH.

24   AND THE TRANSCRIPT AGAIN ON THE 13TH, I GAVE MY WAIVER,

25   I WAS ON MY LAST DAY ON FEBRUARY THE 10TH.

26       THE COURT:  ALL RIGHT.

27       THE DEFENDANT:  THAT'S HESITATION PLACED ON THE

28   RECORD.

1          THE COURT:  ALL RIGHT.   WE'LL SEE WHAT WE GET AT

2     1:30.

3

4          (RECESS TAKEN UNTIL 1:30 P.M. OF THE SAME DAY.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1    CASE NAME:              PEOPLE VS. BRIAND WILLIAMS

 2    CASE NUMBER:            BA377243

 3    LOS ANGELES, CALIFORNIA  TUESDAY, FEBRUARY 15, 2011

 4    DEPARTMENT 100          HON. GEORGE G. LOMELI, JUDGE

 5    REPORTER:              CANDACE J. HENRY, CSR #9311

 6    TIME:                  1:40 P.M.

 7

 8    APPEARANCES:  (AS HERETOFORE NOTED.)

 9

10         THE COURT:  ON THE RECORD.  DID YOU WANT TO SAY

11    SOMETHING, COUNSEL?

12         MS. KARDAN:  I JUST WANT TO MAKE THE RECORD CLEAR

13    TO THE PEOPLE'S UNDERSTANDING AS TO WHY WE'RE HERE

14    TODAY.  YOU KNOW BACK ON THE EIGHT OF TEN DATE WHEN WE

15    GOT SENT OUT TO JUDGE REHM'S COURT, THE PEOPLE

16    DETERMINED THE DEFENDANT'S RELUCTANCE TO WAIVE TIME AS

17    NO WAIVER.  AND BECAUSE OF THAT, THE PEOPLE ADVANCED

18    THIS CASE SO THAT NOBODY'S SPEEDY TRIAL RIGHTS WOULD BE

19    INFRINGED UPON.

20              MY UNDERSTANDING FROM TODAY IS THAT THE

21    DEFENDANT IS NOW SAYING HIS INTENTION WAS TO ACTUALLY

22    WAIVE TIME AND THAT IS WHAT HIS BELIEF IS.

23         THE COURT:  THAT'S WHAT HE SAID EARLIER.

24         THE DEFENDANT:  YES.

25         THE COURT:  HE SAID HE WAIVED TIME.  JUST SO THE

26    RECORD IS CLEAR.  ALL RIGHT.

27         MS. KARDAN:  SO THEN WE'VE GOT THAT SQUARED AWAY.

28    THE SECOND THING THAT I WANT TO BRING TO THE COURT'S
```

1    ATTENTION IS THAT THIS WOULD NOT HAVE HAPPENED IF IT WAS

2    BUT FOR THE DEFENSE COUNSEL FILING AN UNTIMELY AND

3    IMPROPER MOTION IN THE TRIAL COURT WHICH REALLY

4    ULTIMATELY WAS A DUPLICATE OF ANOTHER MOTION THAT WAS

5    PRESENTED UNDER A DIFFERENT GUISE, SO TO SPEAK, IN THE

6    CALENDAR COURT WHICH I -- WHICH I JUST THINK IS

7    INAPPROPRIATE.

8              REGARDLESS, WE'RE HERE TODAY.  THE PEOPLE

9    HAVE NOW RESPONDED BOTH IN WRITING AND MADE SOME

10   STATEMENTS ON THE RECORD AS TO THEIR POSITION ON THAT

11   MOTION.  AND I ASK THE COURT TO RULE ON THAT MOTION

12   SINCE COUNSEL HAS NOW BEEN ADVISED BOTH BY THE COURT AND

13   BY THE PEOPLE OF HOW HE SHOULD PROPERLY PROCEED IN

14   DEALING WITH THE MATTERS OF HIS CONCERN THAT HE'S

15   ADDRESSED ON BOTH OF THE DUPLICATE MOTIONS.  SO I WOULD

16   JUST ASK THE COURT --

17        THE COURT:  WELL, I THINK I TOUCHED ON THAT BEFORE

18   LUNCH, THE LUNCH HOUR.  NUMBER ONE, BECAUSE THERE WAS NO

19   PRELIM, HE CAN'T ATTACK BY WAY OF A 995.  NUMBER TWO,

20   YOU CAN'T ATTACK IT ON, YOU KNOW, CONSTITUTIONAL

21   INFIRMITIES, IF YOU WILL, AS FAR AS THE WAY THE PRELIM

22   WAS CONDUCTED.  AGAIN, THERE WAS NO PRELIM.  AND HE

23   UNDERSTANDS THAT.  AND THE ONLY AVENUES THAT COUNSEL HAS

24   LEFT, FROM WHAT I UNDERSTAND THAT THE CRUX OF HIS

25   ARGUMENT IS, THAT THE DEFENDANT, NUMBER ONE, DID NOT

26   RECEIVE NOTICE THAT HE HAD TO REGISTER.

27        MR. COHEN:  RIGHT.

28        THE COURT:  THAT IS SOMETHING THAT HE COULD BRING

1  UP UNDER 1118.1 AFTER THE PROSECUTION HAS RESTED TO THE

2  EXTENT THIS PROCEEDS TO TRIAL.  THAT'S THE JUNCTURE THAT

3  YOU'RE IN.

4          THE OTHER WAY HE CAN ATTACK IT IS THAT THE

5  UNDERLYING CONVICTION THAT GIVES RISE TO THE

6  REGISTRATION REQUIREMENT THAT OCCURRED -- I TAKE IT THE

7  PLEA OCCURRED IN DEPARTMENT 134, DID YOU SAY?

8          MR. COHEN:  YES.

9          THE COURT:  THAT THE COUNSEL HAS TO MAKE A MOTION

10  TO WITHDRAW HIS PLEA FOR WHATEVER DEFICIENCY HE CLAIMS

11  EXISTED WITH RESPECT TO THE ADVISEMENT OF THE PLEA FOR

12  THE TAKING OF THE PLEA.

13          MR. COHEN:  RIGHT.

14          THE COURT:  JUDGE STERLING -- THIS IS GOING BACK

15  TO JUDGE STERLING FOR PURPOSES OF MONITORING, BECAUSE IT

16  CAME FROM HIS COURT, SO THAT YOU CAN FILE IN THE INTERIM

17  A MOTION TO WITHDRAW YOUR PLEA IF THAT'S WHERE YOU GO

18  WITH THIS IN DEPARTMENT 134.  JUDGE STERLING IS NOT TO

19  RULE ON ANY MOTION UNLESS, OF COURSE, HE WANTS FOR TRIAL

20  TO ENTERTAIN -- AN 1118.1 IS MADE BEFORE HIM, BUT WITH

21  RESPECT TO THE CURRENT MOTIONS NOW PENDING, JUDGE

22  STERLING IS NOT TO RULE ON THOSE MOTIONS.  AND I BELIEVE

23  HE'S ALREADY STATED THAT PREVIOUSLY.

24          MS. KARDAN:  RIGHT.

25          THE COURT:  THAT'S WHY HE BELIEVED THAT HE WAS IN

26  NO POSITION TO RULE ON IT EXCEPT FOR AN 1118.1.  RIGHT?

27          MS. KARDAN:  RIGHT.  SO MY UNDERSTANDING IS THEN

28  COUNSEL WITHDRAWS THAT MOTION.  I JUST -- I JUST DON'T

1   WANT A MOTION FLOATING AROUND THAT HAS NOT BEEN RULED

2   UPON IF COUNSEL IS STILL KEEPING IT WITHIN THAT FILE.

3          THE COURT:  I'LL TAKE IT OFF CALENDAR.  HOW'S

4   THAT?

5          MS. KARDAN:  OKAY.

6          THE COURT:  SO WHAT DATE -- HOW MUCH TIME DO YOU

7   THINK YOU'LL NEED?

8          MR. COHEN:  I WILL HAVE IT IN DUE TIME.  TODAY IS

9   WHAT?  TUESDAY, I BELIEVE.

10          THE COURT:  YES.

11          MR. COHEN:  I SHALL HAVE IT IN TO HIM BY THE END

12   OF THE WEEK.

13          THE COURT:  THE PROBLEM IS COUNSEL NEEDS TO

14   RESPOND.

15                  CAN YOU DO IT IN SHORTENED TIME ON THAT OR

16   DO YOU WANT THE ENTIRE TIME TO RESPOND?

17          MS. KARDAN:  WELL, IS COUNSEL FILING A MOTION TO

18   WITHDRAW A PLEA ON -- WITH THE UNDERLYING CASE?

19          THE COURT:  THAT'S CORRECT.  YOU'RE FILING A

20   MOTION TO WITHDRAW YOUR PLEA WITH RESPECT TO THE

21   UNDERLYING CASE?

22          MR. COHEN:  RIGHT.  I'M ALSO GOING TO BRING FORTH

23   THE REST OF THE STUFF I HAVE IN THERE IF THE JUDGE READS

24   IT.  IF NOT --

25          THE COURT:  WHAT REST OF THE STUFF?  THAT'S WHAT I

26   THOUGHT WE JUST CLEARED UP.

27          MR. COHEN:  OKAY.  THERE IS ONE CLEAR THING.  WHAT

28   I'M SAYING -- WITHOUT -- WE'RE -- I DIDN'T THINK ABOUT

1    GIVING OF ADMONITIONS.  THIS IS BARRED BY THE STATUTE

2    LIMITATIONS.  THE STATUTE OF LIMITATIONS ON ANYTHING

3    THAT HAPPENED WITH THE TRIAL IS 10 YEARS.  AND THIS WAS

4    16 AND A HALF YEARS DOWN THE ROAD.  I'M GOING TO BRING

5    THAT UP BEFORE THE COURT ALSO.  IF YOU DON'T WANT -- IF

6    YOU DON'T --

7          THE COURT:  AS A -- AS ANOTHER BASIS FOR

8    WITHDRAWING YOUR PLEA?

9          MR. COHEN:  RIGHT.

10         THE COURT:  OKAY.  I'M NOT GOING TO PREVENT HIM

11   FROM DOING THAT.  SO HE CAN DO THAT.

12         MS. KARDAN:  I JUST -- I THINK THERE'S SO MUCH

13   CONFUSION.  I THINK WHAT COUNSEL IS NOW SAYING IS THAT

14   HE THINKS THERE'S A STATUTE OF LIMITATIONS ARGUMENT TO

15   BE MADE ON THE OPEN MATTER.

16         THE COURT:  IS THAT WHAT YOU'RE SAYING, COUNSEL?

17         MR. COHEN:  YEAH.  IF THAT'S NOT -- THERE WAS NO

18   ACTION STARTED ON THE FAILURE TO REGISTER UNTIL TWO

19   THOUSAND --

20         THE COURT:  ONCE YOU'VE BEEN ASSIGNED TO A TRIAL

21   COURT, BRING -- DON'T BRING IT UP IN THE INTERIM.  YOU

22   CAN BRING IT UP AT THE TIME -- IF YOU'RE ASSIGNED TO A

23   TRIAL COURT, YOU CAN BRING THAT UP BY WAY OF A 402

24   MOTION THAT YOU'RE ASKING FOR THIS CASE TO BE DISMISSED

25   BECAUSE THERE'S A STATUTE OF LIMITATIONS ARGUMENT.  I

26   HEAR THOSE FREQUENTLY UNDER 402.  SO IT WILL ONLY OCCUR

27   IN THE TRIAL COURT ONCE ASSIGNED IN THE --

28         MR. KARDAN:  OPEN MATTER?

1      THE COURT:  ON THE OPEN MATTER.  RIGHT.

2      MS. KARDAN:  I'M JUST TRYING TO SIMPLIFY THINGS.

3  I KNOW THEY'VE GOTTEN MESSY.

4      THE COURT:  IT IS ON THE OPEN MATTER THAT YOU'RE

5  STATUTE OF LIMITATIONS ARGUMENT IS TO BE MADE?

6      MR. COHEN:  YES.

7      THE COURT:  YES.

8      MS. KARDAN:  OKAY TO THAT SIDE.  SO NOW COUNSEL

9  UNDERSTANDS -- MY UNDERSTANDING IS HE WANTS TO FILE A

10 MOTION TO WITHDRAW HIS PLEA FOR THE UNDERLYING CASE FROM

11 1996 FOR THE 288(C).

12     THE COURT:  YES.

13     MS. KARDAN:  OKAY.  SO THE QUESTION NOW WHEN WE'RE

14 RECALENDARING THIS --

15     THE COURT:  HE SAYS HE CAN FILE IT FILE WHEN?

16     MR. COHEN:  END OF THE WEEK.

17     THE COURT:  END OF WEEK.  NOW WHEN CAN YOU

18 RESPOND?

19     MS. KARDAN:  I'M NOT SURE WHAT MY TIME REQUIREMENT

20 -- NOTICE OF REQUIREMENT IS UNDER THAT STATUTE.

21     THE COURT:  WELL, I MEAN -- I MEAN, CAN YOU

22 RESPOND IN FIVE DAYS?

23     MS. KARDAN:  I CAN -- IT WILL REALLY KIND OF

24 DEPEND.  YOUR HONOR, THE PROBLEM IS THAT --

25     THE COURT:  LET ME DO THIS.  IF YOU FILE IT AT THE

26 END OF THE WEEK, HOW MUCH TIME ARE YOU LOOKING AT FOR A

27 CONTINUANCE?

28     MR. COHEN:  PROBABLY ALTOGETHER, THREE WEEKS IF

1    IT'S CONVENIENT.

2         THE COURT:  DO YOU WANT IT -- THREE WEEKS TO BE

3    DESIGNATED AS A FIVE OF 10?  IT WOULD SEEM REASONABLE.

4    THAT'S WHAT I WOULD THINK.

5         MR. COHEN:  YEAH.

6         THE COURT:  OKAY.  NOW WHEN ARE YOU GOING TO GIVE

7    NOTICE TO COUNSEL?  BY THE END OF THE WEEK?

8         MR. COHEN:  I'LL SERVE HER ON THE DAY I SERVE THE

9    COURT.  I'LL DO IT MY --

10        THE COURT:  OKAY.  ARE WE CLEAR?

11        MS. KARDAN:  OKAY.  SO COUNSEL IS GOING TO SERVE

12   THIS MOTION ON THE PEOPLE FOR THE UNDERLYING CASE BY THE

13   END OF THIS WEEK?

14        THE COURT:  YES.

15        MS. KARDAN:  OKAY.  THEN THE PEOPLE WOULD THEN

16   DETERMINE -- I THINK IT WILL BE MOST APPROPRIATE AT THAT

17   TIME ONCE HE'S FILED IT FOR US TO MAKE THE DETERMINATION

18   OF HOW MUCH TIME WE'LL NEED TO RESPOND DEPENDING ON WHAT

19   THE SUBSTANCE OF HIS MOTION IS.

20        THE COURT:  YES.  I MEAN -- HE'S GOING TO FILE IT

21   IN 134.

22        MS. KARDAN:  UH-HUH.

23        THE COURT:  THEY'RE GOING TO SET IT FOR HEARING.

24   THEY'RE GOING TO PICK A DATE FOR HEARING WITH RESPECT TO

25   THAT.  I THINK HE CAN GET IT DONE AT THE END OF THIS

26   WEEK AND WILL SERVE 134 WITH THAT.  THEN YOU'LL HAVE TO

27   RESPOND.

28        MS. KARDAN:  THAT'S FINE IF WE DO IT THAT WAY.  IF

```
 1   HE FILES IT BY THE END OF THIS WEEK, I WILL THEN APPEAR
 2   AND DETERMINE HOW MUCH TIME I WOULD NEED DEPENDING ON
 3   WHAT THE -- HOW HE'S FILED IT.  I'M JUST BEING HONEST.
 4   I'M A LITTLE HESITANT AS TO HOW THIS IS GOING TO
 5   PROCEED.  I'D RATHER JUST -- UNTIL I RECEIVE THIS MOTION
 6   SO I CAN MAKE ANY DETERMINATION --
 7        MR. COHEN:  I WOULD OFFER AN ALTERNATIVE.  I THINK
 8   THAT THERE SHOULD BE A DATE THAT IF COUNSEL NEEDS MORE
 9   TIME, SHE CAN COME IN AND ASK FOR MORE TIME.  BUT I
10   WOULD THINK I'D LIKE TO HAVE IT WITHIN -- IF I SERVE IT
11   THIS FRIDAY, I'D LIKE TO HAVE IT 10 DAYS OR 10 COURT
12   DAYS.
13        THE COURT:  WELL, IT ALL DEPENDS ON WHEN THE COURT
14   CAN HEAR IT.
15        MR. COHEN:  OH, I UNDERSTAND.  YEAH.
16        MS. KARDAN:  IT MIGHT JUST BE SOMETHING THAT I
17   COULD ANSWER IMMEDIATELY.  I JUST DON'T KNOW HOW
18   COUNSEL --
19        THE COURT:  MIGHT BE EVIDENCE BY THE TRANSCRIPT OF
20   THE PLEA, THE MINUTE ORDER IN THE FILE.  WE DON'T KNOW
21   UNTIL WE HEAR HIS ARGUMENT.
22        MS. KARDAN:  RIGHT.  UNTIL I SEE HIS MOTION, I
23   CANNOT MAKE ANY COMMITMENT TO HOW MUCH TIME WOULD BE
24   NECESSARY FOR THE PEOPLE.
25        THE COURT:  OKAY.  I THINK WE'RE MAKING THIS MORE
26   DIFFICULT THAN WE NEED TO.  ALL RIGHT.  IF HE FILES HIS
27   MOTION IN DEPARTMENT 134 BY THE END OF THIS WEEK, HE
28   SERVES YOU, THEN YOU DON'T -- IF YOU NEED MORE THAN FIVE
```

1    DAYS THEN YOU CAN ADVISE THE COURT.

2              BEARING IN MIND, SIR, DO YOU AGREE I CAN

3    CONTINUE YOUR MATTER TO MARCH 8TH AND YOU'LL GO TO TRIAL

4    WITHIN FIVE DAYS OF THAT DATE, SIR, TO THEN HEAR YOUR

5    MOTION TO WITHDRAW?

6         THE DEFENDANT:  THAT PUTS ME PAST THE OTHER DAY

7    THE JUDGE --

8         MR. COHEN:  NO.  NO.  THAT'S A MOOT ISSUE AT THIS

9    POINT.

10        THE DEFENDANT:  OH.

11        THE COURT:  SO YOU AGREE TO THAT, SIR?

12        THE DEFENDANT:  CAN I JUST ASK MORE ONE MORE

13   QUESTION?  I WILL AGREE BUT ONE MORE QUESTION.

14        THE COURT:  YES.

15        THE DEFENDANT:  BECAUSE, YOU KNOW, THE PEOPLE

16   NORMALLY HAVE 10 DAYS TO RESPOND.  MY UNDERSTANDING IS

17   THAT ONCE THE MOTION IS HANDED TO HIM WHATEVER DAY THIS

18   WEEK BY FRIDAY, THEY HAVE FIVE OR 10 DAYS TO RESPOND TO

19   IT.

20        THE COURT:  WELL, THAT ALL DEPENDS, SIR, ON WHAT

21   THE -- YOU KNOW, WHAT THEY NEED TO SAY IN THEIR

22   RESPONSE.  BUT, IF YOU GO TO MARCH 8TH, YOU'LL GO TO

23   TRIAL WITHIN FIVE DAYS ONE WAY OR THE OTHER.  SO IF THEY

24   NEED AN ADDITIONAL THREE DAYS, THEY'VE GOT TO STAY

25   WITHIN THE TIME PERIOD.

26        THE DEFENDANT:  I'D ASK FOR MARCH 4TH OR 7TH

27   PLEASE.  I'VE BEEN IN JAIL --

28        THE COURT:  SIR, YOUR COUNSEL ASKED FOR THAT DATE.

1      I THINK THAT'S A REASONABLE DATE, SIR.

2           MR. COHEN:  IT'S --

3           THE COURT:  MR. WILLIAMS, I THINK THIS IS THE

4      PROBLEM YOU HAD IN JUDGE REHM'S COURT.  I'M LOOKING AT

5      THE TRANSCRIPT.  AND YOU SEEM NOT TO ANSWER QUESTIONS

6      PRECISELY.  IT'S A SIMPLE QUESTION.  MARCH 8TH, DO YOU

7      AGREE TO GO TO TRIAL WITHIN FIVE DAYS OF THAT DATE, SIR?

8           THE DEFENDANT:  CAN I ASK A QUESTION?

9           THE COURT:  YOU JUST -- WHAT IS IT, SIR?

10

11               (OFF-THE-RECORD DISCUSSION BETWEEN DEFENSE

12                    COUNSEL AND DEFENDANT.)

13

14           MS. KARDAN:  YOUR HONOR, IF I JUST ASK, THIS DATE

15      THAT IS REPLACING IN REGARDS TO 134, THAT'S BA130843?

16           THE COURT:  WHATEVER IS ALLEGED IN THE

17      INFORMATION, COUNSEL.

18           MS. KARDAN:  OKAY.  BUT THAT'S THE UNDERLYING

19      CASE --

20           THE COURT:  OKAY.

21           MS. KARDAN:  AND SO TIMEWISE, WE'RE PLACING THAT

22      MATTER FOR TRIAL.  IT SEEMS I WOULD NEED --

23           THE COURT:  WE'RE PLACING THAT MATTER FOR TRIAL.

24           MS. KARDAN:  FIVE OF 10.

25           THE COURT:  NO.  NO.

26           MS. KARDAN:  I'M SORRY.  WHAT'S THE TIME PERIOD?

27           THE COURT:  LET ME DO THIS.  DID WE GET A

28      RESPONSE?

```
 1            MR. COHEN:  NO.
 2            THE COURT:  MARCH 8TH, DO YOU AGREE TO GO TO TRIAL
 3     WITHIN FIVE DAYS?
 4            MR. COHEN:  YES.  YES.
 5            THE DEFENDANT:  YES.
 6            THE COURT:  COUNSEL JOIN?
 7            MR. COHEN:  YES.
 8            THE COURT:  OKAY.  WHAT I'M GOING TO DO IS SEND
 9     YOU BACK TO JUDGE STERLING'S COURT FOR MONITORING.  AND
10     WE'RE GOING TO PUT HIM IN THERE ON FEBRUARY -- LET'S GO
11     TO THE 23RD JUST FOR STATUS.
12            MS. KARDAN:  THAT --
13            THE COURT:  IN THE INTERIM, HE HAS TO FILE HIS
14     MOTION AND SERVE YOU.  ONCE IT IS -- ONCE IT IS FILED
15     AND CALENDARED IN JUDGE ROSE -- ONCE IT IS CALENDARED IN
16     THERE, COUNSEL, AND YOU'VE BEEN SERVED, THEN YOU FILED
17     YOUR RESPONSE, IF YOU THINK YOU'RE GOING TO NEED MORE
18     THAN FIVE DAYS, ADVISE COUNSEL BEARING IN MIND THAT THE
19     LAST DAY ON THIS CASE IS GOING TO BE FIVE DAYS FROM
20     MARCH 8TH.
21            MS. KARDAN:  OKAY.  SO THE MARCH 8 DATE IS IN
22     REGARD TO THIS OPEN MATTER BEFORE THE COURT TODAY?
23            THE COURT:  YES.
24            MS. KARDAN:  OKAY.
25            THE COURT:  NO MATTER HOW YOU LOOK AT IT.
26            MS. KARDAN:  OKAY.
27            THE COURT:  HEARING ON THE OTHER -- AT LEAST
28     RULING ON THE UNDERLYING PRIOR ALLEGED IN THE
```

1    INFORMATION, NOT THIS OPEN CASE, BUT THE PRIOR ALLEGED

2    IN THE INFORMATION.  DO YOU UNDERSTAND WHAT I'M SAYING?

3        MS. KARDAN:  NO.

4        THE COURT:  THERE WAS A PRIOR ALLEGED.

5        MS. KARDAN:  YES, I KNOW.  OKAY.

6        THE COURT:  OKAY.

7        MS. KARDAN:  I'M JUST TRYING TO DETERMINE -- AND

8    I'M SORRY AGAIN.  I JUST DON'T WANT THIS TO KEEP

9    HAPPENING.

10        THE COURT:  YES.

11        MS. KARDAN:  MARCH 8TH, 2011, THE DATE WE'RE

12    SETTING FOR THE OPEN MATTER BEFORE THE COURT FOR THE 290

13    VIOLATION AS TO A FIVE OF 10 BECAUSE THE COURT IS

14    EXPLAINING --

15        THE COURT:  YES.

16        MS. KARDAN:  THERE'S FIVE DAYS UNTIL HE GOES TO

17    TRIAL.

18        THE COURT:  RIGHT.  BUT BEFORE THAT --

19        MS. KARDAN:  OKAY.

20        THE COURT:  BEFORE THAT, THERE'S GOING --

21        MS. KARDAN:  STATUS.

22        THE COURT:  -- PRETRIAL FOR FEBRUARY 23RD.

23        MS. KARDAN:  OKAY.  SO FEBRUARY 23RD THEN

24    TECHNICALLY WHERE ON THE CALENDAR IS THAT?

25        THE COURT:  FIGURE IT OUT.  23RD AND MARCH 13TH,

26    THE LAST DAY.  HOWEVER YOU COUNT IT.

27        MS. KARDAN:  OKAY.

28        THE COURT:  OKAY.

1        MS. KARDAN:  SO THEN -- SO AS TO THE UNDERLYING

2   ALLEGATION, WE CAN'T REALLY DO ANYTHING UNTIL COUNSEL

3   HAS FILED --

4        THE COURT:  UNTIL HE FILES.  BEARING IN MIND THE

5   CONTROLLING LAST DAY IS GOING TO BE 3-13.  NO MATTER HOW

6   YOU LOOK AT IT.  OKAY.  DO WHAT YOU HAVE TO DO IN TERMS

7   OF YOUR FILING.  AND THE PRIOR REGISTRATION CASE, IS

8   THAT 288 ALLEGED?

9        MS. KARDAN:  THAT'S CORRECT, YOUR HONOR.

10       MR. COHEN:.  THAT IS BA130843.

11       MS. KARDAN:  THAT'S CORRECT.

12       THE COURT:  ALL RIGHT.  THAT WILL BE THE ORDER.

13       MR. COHEN:  MAY I REQUEST THAT THE COURT

14   RECONSIDER BAIL FOR MR. WILLIAMS?

15       THE COURT:  NO.

16       MR. COHEN:  HE'S BEEN SITTING HERE --

17       THE COURT:  THERE'S NO CHANGE OF CIRCUMSTANCES AT

18   THIS POINT.  NOW, YOU'LL BE BACK IN FRONT OF

19   JUDGE STERLING.  IF YOU WANT TO BRING THAT UP, BRING IT

20   UP TO HIM.  IF THERE'S BEEN A CHANGE OF CIRCUMSTANCES OF

21   SOME SORT FOR HIM TO RECONSIDER UNDER 1275, HE CERTAINLY

22   CAN DO THAT.  ALL RIGHT.

23       MR. COHEN:  THE DATES THAT YOU GAVE ARE FOR THIS

24   COURT STATUS?

25       THE COURT:  NOT IN THIS COURT.

26       MR. COHEN:  OH, 119.

27       THE COURT:  BACK IN 119.

28       MR. COHEN:  OH, THAT'S FINE.

```
 1          THE COURT:  OKAY.  EVERYONE STRAIGHT?

 2          MS. KARDAN:  GOT IT.  THANK YOU.

 3          MR. COHEN:  AND LAST -- THE LAST DAY -- BECAUSE I

 4     DON'T WANT TO GET THIS DONE WRONG.

 5          THE COURT:  LAST DAY FIVE DAYS FROM 3-8 WHICH WILL

 6     BE --

 7          MS. KARDAN:  3-13.

 8          THE COURT:  3-13 WHICH LANDS ON A SUNDAY SO THE

 9     LAST DAY IS THE 14TH.

10          MR. COHEN:  OKAY.

11          THE COURT:  EVERYBODY ON THE SAME PAGE?

12          MR. COHEN:  YES, YOUR HONOR.

13          THE COURT:  I'M GOING TO ORDER A TRANSCRIPT JUST

14     SO BOTH COUNSEL KNOW.  IT WILL BE PART OF THE FILE.

15

16               (AT 2:15 P.M., AN ADJOURNMENT WAS TAKEN

17                UNTIL WEDNESDAY, FEBRUARY 23, 2011,

18                DEPARTMENT 119 AT 8:30 A.M.)

19

20

21

22

23

24

25

26

27

28
```

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                    FOR THE COUNTY OF LOS ANGELES

 3     DEPARTMENT 100            HON. GEORGE G. LOMELI, JUDGE

 4

 5     PEOPLE OF THE STATE OF CALIFORNIA,       )
                                                )
 6                            PLAINTIFF,  ) NO. BA377243
                                                )
 7                 VS.                   ) REPORTER'S
                                                ) CERTIFICATE
 8     BRIAND WILLIAMS,                  )
                                                )
 9                          DEFENDANT.   )
       _____)

10

11

12         I, CANDACE J. HENRY, CSR #9311, OFFICIAL REPORTER

13     OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF

14     LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES

15     COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

16     PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

17     ABOVE-ENTITLED CAUSE ON TUESDAY, FEBRUARY 15, 2011.

18         DATED THIS 16TH DAY OF FEBRUARY, 2011.

19

20     _____, CSR #9311

21              OFFICIAL REPORTER

22

23

24

25

26

27

28
```



Exhibits
Sets Two
of
Two



Exhibit 3 - Set Tdd of 7002



# Correa & Osuna Law Firm

**JOE R. CORREA**
Attorney at Law

**CLAUDIA OSUNA**
Attorney at Law

**VANESSA RAMOS**
Paralegal

May 11, 2011

**CONFORMED COPY**
OF ORIGINAL FILED
LOS ANGELES SUPERIOR COURT

MAY 20 2011

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY: _Debrah Cotton_ , DEPUTY
DEBORAH A. COTTON

Honorable Ronald H. Rose
LOS ANGELES SUPERIOR COURT - CCB
210 West Temple Street, Dept. 134
Los Angeles, CA 90012
Tel No: (213) 974-5785

RE:      **"Ex-Parte in Camera Hearing"**
         **Request For: Briand Williams**       Case No: 130843

Dear Honorable Judge Rose,

Our office has been retained by Defendant Briand Williams, too replace the prior court bar appointed counsel, Robert J. Cohen, SBN 79891, due to counsel's refusal to follow a given "directive" Order by the Supervising Judge: George G. Lomeli, in Dept. 100, on February 15, 2011 (213-974-5711), (Please see the attached transcripts) and due to the Ineffective Assistants of Counsel, issues.

On said date, the Honorable Judge Lomeli, had clearly given the LASC Bar appointed counsel, a "directive" order to file defendant's "Motion to Withdraw-Plea" (of his 1996 illegally accepted plea) in Dept. 134, but prior counsel did not follow the "directive" and had filed his own desired motion (see, attached Ex. C). Prior counsel forum shopped (Judge Shopping) his improper motions around various departments. The motions were the same except for slightly re-wording the caption and a few paragraphs within the four (4) corners. (See Exhibits A, B, C, D, and E.)

Since, our office has officially taken over Mr. Williams' matters as of March 23, 2011, Mr. Cohen has refused to turn over any aspect of Mr. Williams' case files, even though our office has set two (2) demand letters by regular U.S. mail; fax, and by certified U.S. mail; Our next step is to seek assistants from the State Bar, in trying to retrieve all of Mr. Williams' original file.

Also, since March 23, 2011 our office has tried to schedule this matter twice to be properly brought forth in your department. Once on March 28, 2011 and April 28,

13624 San Antonio Drive • Norwalk, CA 90650
Tel: (562) 991-5600 • Fax (562) 376-8989

2011 but we have been informed by your staff that similar motions have been heard before. However, your staff is understandably unaware of the improper motion that was filed by prior Counsel (to no fault of our client).

I would greatly like to discuss this matter as soon as possible, in order to present the proper motion as previously "directive" by Judge Lomeli, so that the matter of "Motion to Withdraw of Plea" can be heard and argue.

Sincerely,

JOE R. CORREA, ESQ.

JC/im

This Motion Was Taken
OFF Calendar in Dept. 119
on Feb. 26th, 2011 by:
Honorable Judge Sterling

Exhibit (A)

Exhibit (A)

ROBERT J. COHEN, Esq. SBN 079891
P.O. BOX 6123
WOODLAND HILLS, CALIFORNIA 91365-6123
818 439 5622, FAX- 818 346 6644
Attorney for Defendant, BRIAND WILLIAMS

JAN 1~ 2011

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, CCB

| | |
|---|---|
| | Case No.  BA377243 |
| **PEOPLE OF THE STATE OF CALIFORNIA,** Plaintiff, | **DEFENDANT'S 1538.5 MOTION TO SUPRESS EVIDENCE AND 995 MOTION TO DISMISS.** |
| vs. **BRIAND WILLIAMS,** Defendant | DATE:   JANUARY 26, 2011 TIME:   8:30PM DEPT:   119 |

TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY

OF LOS ANGELES, STATE OF CALIFORNIA:

PLEASE TAKE NOTICE that on **JANUARY26, 2011 at** 8:30 AM, or as

soon thereafter as the  matter can be heard, Defendant, **BRIAND WILLIAMS,** will

move to suppress evidence under Penal Code section 1538.5 dismiss this action against

him under Penal Code section 995.

The evidence that will be the subject of this suppression motion will be the

allegations and any evidence regarding the 1996 Court's conviction of Defendant herein

and, specifically any alleged requirement of registration as a sex offender. As will be set

out infra, the specifics of the particulars of the alleged decision are not in the Court file

and was handed down before these files were entered into the LASC computers.

Since the requirement of registration is an essential element that must be proven by the People, and, based on the state of the Court file as we know it to be, they will not be able to do so. This condition will be expanded on below.

1      **THE FILE AS WE KNOW IT TO BE.**

**POINTS AND AUTHORITIES.**

Defendant has utilized the the services of ARMANDO V. LOPEZ, a licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the orders of the 1996 court. In order to do so, he had to track the file to the archives and obtain the records.

Mr. Lopez did obtain copies of 13 pages that were the latest that were in the file. Of them, only 2 were from the date of sentence and I have copied them for you. The Court and the People will note, the sentence is recorded on both. There is the plea, the charge, the probationary term, and the fees. **WHAT IS NOT THERE IS ANY REFERENCE TO REGISTRATION. There is no notice to the Defendant.**

2      **STATUTORY AUTHORITIES.**

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Section 500, California Evidence Code.

"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

Section 520, California Evidence Code.

Procedural Due Process requires notice and the opportunity to be heard. and Mr. Williams was afforded neither. The rquirement is in accordance with the 5th and 14th Amendments to the U.S. Constitution and the equivilent portions of the California Constitution.

**3     CASE AUTHORITY.**

In 1957, The US Supreme Court Court decided **Lambert vs. California, 355 US 225,** holding that "due process" in the form of "ignorance is no excuse" of a registration statute in Los Angeles for a felony conviction was subservient to constitutional Due Process principles.

In 1975, Our Supreme Court in **Bunnell vs. Superior Court, 13 Cal3.rd 592,** held that the court record must reflect all material parts of the sentence. "In all guilty plea and submission cases, the defendant **shall** be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, **REGISTRATION REQUIREMENTS,** if any (eg section 290...) ..." (emphasis added); In 2007 both **People vs. Zaidi (2007) 147 C.A.4th 1470** {notice must be clearly given at time of sentence, **no substitution or inferencial notice.** ( emphasis added)}: and **People vs. King, (2007) 151 C.A.4th 1304.** "Since the appellantwas not 'ordered ...to register pursuant to this section' ... he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed."

There are several other cases that were decided, but they did not add anything truly new and Idid not want to "gild the lilly" so to speak.

Thus, it seems fairly well settled that no matter how you look at it, unless Briand was given notice and I missed it, you have to dismiss this case.

Since the people's Corpus Delecti cannot be shown with this necessary element deleted, defendant moves for dismissal under section 995.

/////

/////

/////

/////

Respectfully submitted.


_____
Robert J. Cohen,
Attorney for Defendant,
Briand Williams

| DEFT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIAN BERNARD 10 20 1965 WILLIAMS LOGAN BERNARD | 90000P AKA | 288-C C06 CTS | | | ① J. MARTINEZ DPD |

Disposal-List 02 002

| Division or Mun. Ct. | 46 | Date of Crime | 02 12 1995 | Arresting Agency | LAPD - SOUTH | Superior Court Judge | Carl West |
|---|---|---|---|---|---|---|---|

Complaint Filed: 05 03 1996

Arraignment Set For: 05 17 1996  In Dept. 122  CENTRAL

PROBATION NO. K 1605614

Preliminary transcript and          copies filed          forwarded to          on

Copy of transcript received

| DATE | DEPT | PROCEEDINGS | | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|---|
| | | INFORMATION FILED ☒ | Certificate on guilty plea filed | Indictment filed | | |
| 5-17-96 | 122 | ① A/PNG  PTC SET 6-25-96  B/22. | | | ① ILSM | PP | KAMARA |
| | | TR SET 7-8-96  B/22. | | | | | |
| | | | | | | | Ken Crittenden |
| | | REM'D 7-8-96 | | | | | |
| 7/8/96 | 122 | ① started 7-15-96  B/122 Cusens | | | | | NO Crittenden |
| 7-15-96 | 122 | ① TRANS TO DEPT __ ON 7-16-96 | | | ① REM | PP | " " |
| 7-16-96 | 100 | ① TRANS TO 134  F/W. | | | ① REM | PP | GALLEGOS |
| 7/16/96 | 134 | ① W/D PNG CT I around PI no10C  288.C PC CT I subqt 3 years  40C CJ upt $200 icaod $60  Ct sue  FURTHER PROCEEDINGS CONTINUED ON BACK SIDE ① vel  m peterson | | | | | |

| DEFT. NO. | BOND FILED | NAME OF SURETY | NAME OF AGENT |
|---|---|---|---|

# WARNING! —— READ THIS! ~ YOU COULD BE SENT TO PRISON!

**DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTION 6200 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE)**

| PEOPLE vs | CENTRAL | Bench Warrant | CASE NO. BA130843 |
|---|---|---|---|

**BAIL INFORMATION**

| | SVOR | X- 160 56/4 | Iss. | Svd/Rcld | Bond No. | Forf | Rein | Expn |
|---|---|---|---|---|---|---|---|---|
| 01 WILLIAMS BRIAND BERNARD | | DEFT'S ATTY: | | | | | | |
| 288.C | | J. MARTINEZ, PD | | | | | | |
| 06 CTS | | | | | | | | |
| WILLIAMS LOGAN BERNARD | AKA | | | | | | | |
| 90000 | | | | | | | | |
| | X- DEFT'S ATTY: | | | | | | | |
| | X- DEFT'S ATTY: | | | | | | | |

| Info/Indic/Cert of GP filed & set:  05 17 1996 | DEPT 122 | TRIAL JUDGE: | | | | | STATUS |
|---|---|---|---|---|---|---|---|
| Date of Crime: 02 12 1995 | | PEOPLE'S ATTORNEY: | | | | | |

| | | | | | STATUS |
|---|---|---|---|---|---|
| -2 | 5-17-96 | 04 | PD APPT'D; MENS PEN DENY; PTC SET 6-25-96 8:30/122 (39/60); TRIAL SET 7-8-96 8:30/122 (5-7/60) | | Rem |
| 2 | 6-25-96 | 01 | PTC held TD remains 7-8-96 8:30/122 | | Rem |
| 2 | 7-8-96 | 01 | TRIAL TRLD 7-15-96 8:30/122 (59/60) | 01 | Rem |
| 2 | 7-15-96 | 01 | TRANS FOR TRIAL 7-16-96 8:15/100 60/60 | | Rem |
| 12 | 7-16-96 | 1 | Jury trans'd D134 FAN | | R |
| H | 7-16-96 | 01 | Cause trans from P100, Copy P nolo to Ct 1 (288.C) PC Probation grand suspd - Prob 3 yrs 460 days (304) (150), Rel | | |
| P | 3-14-98 | P | Prob cont 5T C, matter O/C | | Prob |



This Motion Was Taken
OFF Calendar IN Dept. 1DD
ON Feb. 15Th, 2011 by:
Honorable Judge Ismeli

Exhibit (B)
Exhibit (B)

ROBERT J. COHEN, Esq. SBN 079891
P.O. BOX 6123
WOODLAND HILLS, CALIFORNIA 91365-6123
818 439 5622, FAX- 818 346 6644
Attorney for Defendant, BRIAND WILLIAMS

CONFORMED COPY

FEB 1 0 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, CCB

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br>        Plaintiff, <br><br> vs. <br><br> BRIAND WILLIAMS, <br><br>        Defendant | Case No. BA377243 <br><br> DEFENDANT'S MOTION FOR A DISMISSAL OF THIS ACTION OR A NEW TRIAL AND/OR ARREST OF JUDGEMENT (PC 1181; 1185; 1187 AND/OR 1188); COMMON LAW MOTION TO DISMISS. <br><br> DATE:    FEBRUARY  , 2011 <br> TIME:    8:30PM <br> DEPT: |

---

TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY

OF LOS ANGELES, STATE OF CALIFORNIA:

PLEASE TAKE NOTICE that on **FEBRUARY** , **2011**, Defendant,

**BRIAND WILLIAMS**, will move the court for relief as requested above. Since I do

not know if the People are going to demand a jury trial or allow a court trial, relief is

requested as set forth above.

1     <u>THE COMPLAINT REGARDING THE 1996 CASE SHOULD BE</u>

<u>DISMISSED NUNC PRO TUNC AS OF THE DATE OF THE JUDGEMENT</u>

<u>BECAUSE THAT JUDGEMENT IS ILLEGAL ON ITS FACE.</u>

The original action was concluded on July 16, 1996. <u>The court did not</u>

**admonish defendant regarding registration for anything concerning PC 290 requirements.** The people have the obligation of showing such an admonishment as part of the Corpus Delecti, a necessary element of their case in chief.

While the people will probably argue that there are other forms of notice, the cases are in agreement that the admonishment is necessary **BEFORE THE PLEA IS ACCEPTED.** The requirement is constitutional and necessary in order to comply with the requirements of the federal 5th amendment and the obligation of the State as set out in its Constitution and by the federal 14th amendment. The sentence upon the plea was illegal and of no effect. This case should be dismissed and, since defendant was once in jeapordy, no new trial allowed. At the very least, a new trial must be ordered in order to convict him.

**2      THIS ACTION SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTES OF LIMITATIONS.**

The authorities were aware of defendant's whereabouts at all times but it wasn't until 2009 that they brought this action per PC 290. **This was some 13 years after he pled to the underlying crime. Incidentally, and he was not jailed for the crime, only sentenced to time served.**

This action, brought so long after the plea, is so unfair that it shocks the conscience of the law and the community. Like Abu Grehb, America does not operate that way. This act is the subject of the non statutory, common law motion identifed in the caption. Defendant asserts that the only remedy for him is a complete dismissal of this PC 290 action with prejudice and the people being precluded from further action against him regarding the subject matter of this case. The court should be aware that Mr. Williams has been incarerated since about June, 2010 on this inappropriate charge. I made one or two motions for bail but they were denied.

Since the requirement of registration is an essential element that must be proven by the People, and, based on the state of the Court file as we know it to be, they will not be able to do so. This condition will be expanded on below.

### 3      THE FILE AS WE KNOW IT TO BE.

### POINTS AND AUTHORITIES.

Defendant has utilized the the services of ARMANDO V. LOPEZ, a licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the orders of the 1996 court. In order to do so, he had to track the file to the archives and obtain the records.

Mr. Lopez did obtain copies of 13 pages that were the latest that were in the file. Of them, only 2 were from the date of sentence and I have copied them for you. The Court and the People will note, the sentence is recorded on both. There is the plea, the charge, the probationary term, and the fees. **WHAT IS NOT THERE IS ANY REFERENCE TO REGISTRATION. There is no notice to the Defendant. As will be shown below, it is a necessary part of the plea.**

### 2      STATUTORY AUTHORITIES.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Section 500, California Evidence Code.

"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

Section 520, California Evidence Code.

Procedural Due Process requires notice and the opportunity to be heard (and Mr. Williams was afforded neither). The requirement is in accordance with the 5th and 14th Amendments to the U.S. Constitution and the equivilent portions of the California

Constitution.

"Notwithstanding any other limitation of time described in this chapter, ... prosecution for a felony described in subdivision (c) of section 290 **SHALL** be commenced within 10 years after comission of the offense." (emphasis added) Section 801.1, California Penal Code

## 3   CASE AUTHORITY.

In 1957, The US Supreme Court Court decided **Lambert vs. California, 355 US 225,** holding that "due process" in the form of "ignorance is no excuse" of a registration statute in Los Angeles for a felony conviction was subservient to constitutional Due Process principles.

In 1975, Our Supreme Court in **Bunnell vs. Superior Court, 13 Cal3.rd 592,** held that the court record must reflect all material parts of the sentence. "In all guilty plea and submission cases, the defendant **shall** be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, **REGISTRATION REQUIREMENTS,** if any (eg section 290...) ..." (emphasis added); In 2007 both **People vs. Zaidi (2007) 147 C.A.4th 1470** {notice must be clearly given at time of sentence, **no substitution or inferencial notice** (will suffice). ( emphasis added)}: and **People vs. King, (2007) 151 C.A.4th 1304.** "Since the appellant was not 'ordered ...to register pursuant to this section' ... he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed."

There are several other cases that were decided, but they did not add anything truly new and I did not want to "gild the lilly" so to speak.

Thus, it seems fairly well settled that no matter how you look at it, unless Briand was given a pre-plea admonition regarding a requirement to register and I missed it, you have to dismiss this case.

Since the people's Corpus Delecti cannot be shown with this necessary element deleted, defendant moves for dismissal under section 1385 and the antecedent case in which he pled in 1996 (BA130843) or, if the case cannot be dismissed by this Honorable court, an order for an arrest of judgement (appropriate for a judgement on defendant's plea when the plea is shown to be illegal) under PC 1185.

Respectfully submitted.

_____
Robert J. Cohen
Attorney for Defendant,
Briand Williams

| DEFT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIAND BERNARD  10 23 1965  WILLIAMS LOGAN BERNARD | $50000  AKA | 288-C  C06 CTS | | | ☑ J. MARTINEZ DPD |

Disposal-List 02 002

| Division or Mun. Ct. | 46 | Date of Crime | 02 13 1995 | Arresting Agency | LAPO – SOUTH | Superior Court Judges | Carl West |
|---|---|---|---|---|---|---|---|

Complaint Filed: 05 03 1996

Arraignment Set For: 05 17 1996  In Dept. 122 CENTRAL

PROBATION NO. K 1605614

Preliminary transcript and   copies filed   forwarded to   on

Copy of transcript received

| DATE | DEPT | PROCEEDINGS | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|
| 5-17-96 | 122 | X Information Filed  A/PNG  PTC SET 6-25-96  8/122 | | PP | KAMARA |
| | | TR SET 7-8-96 8/122 | ☺ RESM | | |
| 7/8/96 | 122 | continued 7-15-96 8/122 | | | No Dar attend |
| 7-15-96 | 122 | ☺ TRANSF TO DEPT ? ON 7-16-96 | ☺ RESM | PP | " " |
| 7-16-96 | 100 | ☺ TRANSF TO 134 F/W. | ☺ RESM | PP | GALLEGOS |
| 7/16/96 | 134 | ☺ WDPNG CT pleads PNOLC 288.C PC CT1 spdgt 3 years 400 CJ spt $200 rcad $60 | | | |

FURTHER PROCEEDINGS CONTINUED ON BACK SIDE

| DEFT. NO. | BOND FILED | NAME OF SURETY | NAME OF AGENT |
|---|---|---|---|

# WARNING! —— READ THIS! – YOU COULD BE SENT TO PRISON!

**DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTION 6200 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE)**

| PEOPLE: vs | CENTRAL | Bench Warrant | | CASE NO. BA130843 | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Iss. | Svd/ Rcld | BAIL INFORMATION | | | | |
| BWOR | X- 160 5614 | | | Bond No. | Forf | Rein | Expn | |
| 01  WILLIAMS BRIAND BERNARD | DEFT'S ATTY: | | | | | | | |
| 288.C | J. MARTINEZ, PD | | | | | | | |
| 06 CTS | AKA | | | | | | | |
| WILLIAMS LOGAN BERNARD | | | | | | | | |
| 90000 | | | | | | | | |
| | X- | | | | | | | |
| | DEFT'S ATTY: | | | | | | | |
| | X- | | | | | | | |
| | DEFT'S ATTY: | | | | | | | |

| Info/Indic/Cert of GP filed & set: 05 17 1996 | DEPT 122 | TRIAL JUDGE: | | STATUS |
|---|---|---|---|---|
| Date of Crime: 02 12 1995 | | PEOPLE'S ATTORNEY: | | |

| -2 | 5-17 96 | 01 | PD appt'd; MOOS IN DENY; PTC SET 6-25-96 8:30/122 (39/60); TRIAL SCT 7-8-96 8:30/122 (50/60) | Rem |
| 2 | 6-25-96 | 01 | PTR held TLD remains 7-8-96 8:30/122 | Rem |
| 2 | 7-8-96 | 01 | TRIAL TRLD 7-15-96 8:30/122 (59/60)   01 | Rem |
| 2 | 7-15-96 | 01 | TRANS FOR TRIAL 7-16-96 8:15/100   60/60 | Rem |
| D | 7/16/96 | 1 | — Jury transf D134 PHN | R |
| 14 | 7-16-96 | 01 | Cause trans from D100, Co-D pulo to Ct 1 (288.C) PC. Restday Prord suspol, Prob 3 yrs 4600 + lamp (30u) (PSG), Rel | |
| P | 3/4/98 | P | Pro cont 5T'C. Matter O/C | RVD |



This Improper Motion Was
Denied in Dept. 134 by:
Honorable Judge Rose

Exhibit (C)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 134

| | | | |
|---|---|---|---|
| Date: | FEBRUARY 23, 201 | Judge | DEBORAH COTTON | Deputy Clerk |
| Honorable: | RONALD ROSE | Bailiff | JOANNE DIAZ | Reporter |
| | NONE | | | |

BA130843-01

PEOPLE OF THE STATE OF
CALIFORNIA
vs.
BRIAND BERNARD WILLIAMS

CHG: P.C. 288(C)) CT 01

Counsel for People:  ROUMAN EBRAHIM,
DEPUTY DISTRICT ATTORNEY

Counsel for Defendant:  ROBERT COHEN ,
PRIVATE ATTORNEY

Nature of Proceedings: MOTION TO V ACATE PLEA

[No Legal File]

Motion for new trial; dismissal of this action is heard this date.

Motion to dismiss is denied.  The defense has failed to carry its burden.
The hearing and ruling on this motion is more fully reflected in the notes of the official court reporter.

Custody Status: None
Proceedings Previously Terminated

1

Minutes Entered
02-23-11
County Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 134          HON. RONALD ROSE, JUDGE


THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                    PLAINTIFF,         )
                                       )
             VS.                       ) NO. BA130843
                                       )
BRAND WILLIAMS,                        )
                                       )
                    DEFENDANT.         )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS
FEBRUARY 23, 2011



APPEARANCES:

PEOPLE:          STEVE COOLEY, DISTRICT ATTORNEY
                 BY:  ROUMAN EBRAHIM, DEPUTY
                 210 WEST TEMPLE STREET
                 18TH FLOOR
                 LOS ANGELES, CALIFORNIA 90012


DEFENDANT:       BY:  ROBERT J. COHEN
                 ATTORNEY AT LAW




REPORTER:
JOANNE DIAZ, CSR #7758
OFFICIAL REPORTER


**ORIGINAL**

```
 1    CASE NAME:              PEOPLE VS. BRAND WILLIAMS

 2    CASE NUMBER:            NO. BA130843

 3    LOS ANGELES, CA.        FEBRUARY 23, 2011

 4    DEPARTMENT 134          HON. RONALD ROSE, JUDGE

 5    REPORTER:               JOANNE DIAZ, CSR #7758

 6    TIME:                   A.M. SESSION

 7    APPEARANCES:

 8

 9                      (THE DEFENDANT APPEARING IN COURT

10                      WITH COUNSEL, ROBERT J. COHEN,

11                      ATTORNEY AT LAW;

12                      ROUMAN EBRAHIM, DEPUTY DISTRICT

13                      ATTORNEY OF LOS ANGELES COUNTY,

14                      REPRESENTING THE PEOPLE OF THE

15                      STATE OF CALIFORNIA.)

16                           --oOo--

17

18        THE COURT:  PEOPLE VERSUS BRAND WILLIAMS, BA130843.

19    THE DEFENDANT'S PRESENT IN COURT.

20                      WOULD COUNSEL STATE THEIR APPEARANCES,

21    PLEASE.

22        MR. COHEN:  ROBERT COHEN FOR MR. WILLIAMS.

23        MR. EBRAHIM:  ROUMAN EBRAHIM FOR THE PEOPLE.

24        THE COURT:  THE CANON 3E NOTICE HAS BEEN SIGNED.

25            MR. COHEN HAS FILED A MOTION TO VACATE THE

26    PLEA IN THIS CASE.  DEPARTMENT 100 HAS SENT THE CASE HERE

27    BECAUSE APPARENTLY THIS UNDERLYING CASE IS THE BASIS OF A

28    NEW FILING FOR A CHARGE OF 290 OF THE PENAL CODE.
```

1          I'VE READ THE DEFENDANT'S MOTION FOR A NEW

2    TRIAL, A DISMISSAL OF THIS ACTION, AND/OR ARREST OF

3    JUDGMENT, COMMON LAW MOTION TO DISMISS.

4          IS IT SUBMITTED BASED UPON THIS MOTION,

5    MR. --

6          MR. COHEN:  YES, YOUR HONOR.

7          THE COURT:  AND PEOPLE'S RESPONSE?

8          MR. EBRAHIM:  YES, YOUR HONOR.  I DID RECEIVE THIS

9    ON FRIDAY AND I HAVE NOT HAD AN OPPORTUNITY TO GIVE A

10   WRITTEN RESPONSE.  HOWEVER, HAVING REVIEWED THE MOTION, I

11   BELIEVE THAT I CAN MAKE A PEOPLE'S ARGUMENT ORALLY, IF

12   THAT'S OKAY WITH THE COURT.

13         THE COURT:  IF YOU WOULD, PLEASE.

14         MR. EBRAHIM:  SURE.

15         IT APPEARS THAT THE BASIS OF THIS MOTION

16   IS THAT THE DEFENDANT'S CLAIM THAT HE WAS NOT ADVISED OF

17   HIS 290 REGISTRATION AT THE TIME OF HIS PLEA BACK IN 1996.

18   THERE'S SOME ISSUES THERE.

19         FIRST OF ALL, MY UNDERSTANDING IS, JUST

20   HAVING HANDLED SEX CRIMES CASES FOR THE PAST TEN-PLUS

21   YEARS, THAT THAT IS ONE OF THE FIRST THINGS THAT IS

22   NEGOTIATED ABOUT.  THAT IS ONE OF THE FIRST THINGS WE TALK

23   ABOUT.  IT IS ONE OF THE FIRST THINGS ON A PLEA.  IT'S A

24   CONSEQUENCE THAT IS NOT FORGOTTEN.

25         FURTHERMORE, I THINK IF WE LOOK AT THE

26   COMPLAINT OR THE INFORMATION IN THE CASE, ON EVERY ONE,

27   WHETHER IT'S A CHARGE THAT'S UNDER 290 THAT FITS UNDER

28   290, THERE'S NOTICE THERE THAT CONVICTION OF THIS OFFENSE

1    WOULD QUALIFY -- WOULD REQUIRE REGISTRATION UNDER SECTION

2    290.

3              FURTHERMORE, THE FACT THAT WE CANNOT FIND

4    A PLEA TRANSCRIPT IS NOT BY ITSELF SUFFICIENT TO SAY THAT

5    HE WAS NOT ADVISED.  THE PROBLEM WITH THAT IS THAT

6    APPARENTLY IT'S TAKEN THE DEFENDANT 15 YEARS TO RECOGNIZE

7    THE FACT THAT, OR JUST SHORT OF 15 YEARS, THAT PERHAPS HE

8    WAS NOT ADVISED OF THESE CONSEQUENCES.  THAT WAIT PUTS US

9    IN A POSITION WHERE, YOU KNOW, TRANSCRIPTS OR THINGS LIKE

10   THAT ARE DISAPPEARING, AND THAT'S ONE OF THE PROBLEMS IN

11   TERMS OF WAITING FOR THIS LONG.

12             ANOTHER ISSUE I BELIEVE THAT THE

13   DEFENDANT -- MY UNDERSTANDING IS THAT THE DEFENDANT DID --

14   HAS REGISTERED IN THE PAST AS A SEX OFFENDER UNDER 290.

15   SO FOR HIM TO NOW SAY I WASN'T ADVISED, THAT'S NOT

16   CONSISTENT WITH HIS PRIOR BEHAVIOR.  I BELIEVE THAT THIS

17   HAS ONLY BECOME AN ISSUE BECAUSE NOW THAT HE IS CHARGED

18   WITH A VIOLATION OF SECTION 290, NOW IT'S CONVENIENT FOR

19   HIM TO SAY THAT HE'S FORGOTTEN, BUT ALL EVIDENCE POINTS TO

20   THE CONTRARY, AND I WILL SUBMIT ON THAT.

21        THE COURT:  SUBMITTED, MR. COHEN?

22        MR. COHEN:  I'D JUST LIKE TO POINT OUT VERY, VERY

23   BRIEFLY BOTH SUPREME COURTS, THE COUNTRY SUPREME COURT AND

24   THE STATE SUPREME COURT, AND THE CASES THAT FOLLOW SAY

25   THAT A PLEA IS NOT VALID UNLESS THERE IS AN ADMONITION.

26             THERE IS NO REFERENCE TO ANY ADMONITION,

27   AND THOSE PAPERS THAT I SUBMITTED AS EXHIBITS, IF YOU

28   WILL, ARE THE ONLY PAPERS THAT REFER TO THE DATE OF

1   SENTENCING.   IT'S NOT ON IT AND THE PEOPLE CAN'T SHOW IT.

2               SUBMITTED.

3       THE COURT:   SUBMITTED BY THE PEOPLE?

4       MR. EBRAHIM:   YES, YOUR HONOR.

5       THE COURT:   THE COURT WILL DENY THE MOTION TO

6   VACATE THE PLEA.   THE DEFENSE HAS FAILED TO CARRY ITS

7   BURDEN.

8       MR. COHEN:   MAY I INQUIRE, YOUR HONOR, ON --

9       THE COURT:   THAT'S MY RULING.

10      MR. COHEN:   OKAY.   BUT MAY I INQUIRE?

11              HOW COULD I HAVE --

12      THE COURT:   COUNSEL --

13      MR. COHEN:   YES.

14      THE COURT:   -- IT ISN'T UP TO YOU TO INQUIRE OF THE

15  COURT.   I'VE MADE MY RULING.

16              I HAVE NO AFFIDAVIT FROM YOUR CLIENT.   I

17  HAVE NO AFFIDAVIT FROM ANYONE.   I DON'T HAVE ANY

18  INFORMATION FROM HIS PRIOR COUNSEL.   AND YOU COMPLETELY

19  FAILED TO CARRY YOUR BURDEN OF PROOF IN THIS CASE.   IT IS

20  DENIED, AND THE DEFENDANT IS ORDERED TRANSFERRED FORTHWITH

21  TO DEPARTMENT 119, I BELIEVE IT IS.

22      MR. COHEN:   YES.

23

24              (THE ABOVE-ENTITLED PROCEEDINGS

25              WERE CONCLUDED.)

26                  *   *   *

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 134            HON. RONALD ROSE, JUDGE


THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )  SUPERIOR COURT
                     PLAINTIFF,        )
                                       )
         VS.                           )  NO. BA130843
                                       )
BRAND WILLIAMS,                        )
                                       )
                     DEFENDANT.        )  REPORTER'S
_____)  CERTIFICATE

STATE OF CALIFORNIA        )
                           )    SS
COUNTY OF LOS ANGELES      )



          I,  JOANNE DIAZ,  CRR,  CSR #7758,  OFFICIAL

REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

TRANSCRIPT FOR THE FOREGOING PAGES DATED FEBRUARY 23,

2011, PAGES 1 THROUGH 4, COMPRISE A TRUE AND CORRECT

TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED

MATTER.



          DATED THIS 24TH DAY OF AUGUST 2011.



JOANNE DIAZ, CSR #7758
OFFICIAL REPORTER

NOT FOR REPRODUCTION PER GOVT. CODE SECTION 69954(D)

ROBERT J. COHEN, Esq. SBN 079891
P.O. BOX 6123
WOODLAND HILLS, CALIFORNIA  91365-6123
818 439 5622, FAX- 818 346 6755
Attorney for Defendant, BRIAND WILLIAMS

CONFORMED COPY
OF ORIGINAL FILED
LOS ANGELES SUPERIOR COURT

FEB 14 2011

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY: _Debra Cotton_ , DEPUTY
DEBORAH A. COTTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, CCB

BA130843-01

Case No. BA377243

PEOPLE OF THE STATE OF
CALIFORNIA,

   Plaintiff,

  vs.

BRIAND WILLIAMS,

   Defendant

)
)
)
)
)
)
)
)
)
)
)

DEFENDANT'S MOTION FOR A
NEW TRIAL; DISMISSAL OF THIS
ACTION; AND/OR ARREST OF
JUDGEMENT; COMMON LAW
MOTION TO DISMISS.

DATE: FEBRUARY 23, 2011
TIME: 8:30PM
DEPT: 134

---

TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY

OF LOS ANGELES, STATE OF CALIFORNIA:

 PLEASE TAKE NOTICE that on **FEBRUARY , 2011**, Defendant,

**BRIAND WILLIAMS**, will move the court for relief as requested above.

 Simply put, in May, 1996, Defendant was charged with a violation of PC 288(c)

in case no. BA130843. The plea and sentence was made in Dept. 134.

<u>1  THE COMPLAINT REGARDING THE 1996 CASE SHOULD BE</u>

<u>DISMISSED NUNC PRO TUNC AS OF THE DATE OF THE JUDGEMENT</u>

<u>BECAUSE THAT JUDGEMENT IS ILLEGAL ON ITS FACE.</u>

 On July 16, 1996 defendant  pled no contest to the charge and was sentenced to

probation for 3 years, 460 days C. J. with credit given for 460 days, $200 in fines and

fees. He was never admonished regarding 290 registration. As will be shown infra, a plea taken without necessary admonishments is illegal on its face and void.

Further, the admonishments must be given before the plea is accepted or it is to no effect and no actions taken after the plea will make it effective. This requirement is constitutional in scope and necessary in order to comply with the requirements of the federal 5th and 14 amendments and the California Constitution.

At the very least, a new trial must be ordered and he must be convicted and properly admonished before this instant action for failure to comply with PC 290 may be brought and the People can constitutionally convict him. The sentence is void and to no effect and the plea is also meaningless.

The remedy is at least awarding a new trial and, given the long delay, should be dismissed. As is set forth infra, the statute of limitation for this instant PC 290 case (10 years) is long gone and demurrable. Defendant was in pro per when he could have demurred to the information.

## 2   THIS ACTION SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTES OF LIMITATIONS.

This action, brought some 13 years after the plea in the precedent case is so unfair that it shocks the conscience of the law and the community.

This long delay is the subject of the non statutory, common law motion identifed in the caption and the basis for the statutory motion as well.

The court should be aware that Mr. Williams has been incarerated since about June, 2010 on this inappropriate charge. I made one or two motions for bail but they were denied.

## I   THE FILE AS WE KNOW IT TO BE.

2

## POINTS AND AUTHORITIES.

Defendant has utilized the the services of ARMANDO V. LOPEZ, a licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the orders of the 1996 court. In order to do so, he had to track the file to the archives and obtain the records.

Mr. Lopez did obtain copies of 13 pages that were the latest that were in the file. Of them, only 2 were from the date of sentence and I have copied them for you. The Court and the People will note, the sentence is recorded on both. There is the plea, the charge, the probationary term, and the fees. What is not there is any reference to registration. There is no admonishment to the defendant and, as will be shown below, that is a necessary part of the plea.

## II    STATUTORY AUTHORITIES.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Section 500, California Evidence Code.

"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

Section 520, California Evidence Code.

Procedural Due Process requires notice and the opportunity to be heard (and Mr. Williams was afforded neither). The requirement is in accordance with the 5th and 14th Amendments to the U.S. Constitution and the equivilent portions of the California Constitution.

"Notwithstanding any other limitation of time described in this chapter, ... prosecution for a felony described in subdivision (c) of section 290 **SHALL** be commenced within 10 years after comission of the offense." (emphasis added)

Section 801.1, California Penal Code

### III   CASE AUTHORITY.

In 1957, The US Supreme Court Court decided **Lambert vs. California, 355 US 225,** holding that "due process" in the form of "ignorance is no excuse" of a registration statute in Los Angeles for a felony conviction was subservient to constitutional Due Process principles.

In 1975, Our Supreme Court in **Bunnell vs. Superior Court, 13 Cal3.rd 592,** held that the court record must reflect all material parts of the sentence. "In all guilty plea and submission cases, the defendant **shall** be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, **REGISTRATION REQUIREMENTS,** if any (eg section 290...) ..." (emphasis added); and in 2007 our Courts of Appeal held:in **People vs. Zaidi (2007) 147 C.A.4th 1470** that notice must be clearly given at time of sentence, **no substitution or inferencial notice** (will suffice). ( emphasis added)}: and in **People vs. King, (2007) 151 C.A.4th 1304.** "Since the appellant was not 'ordered ...to register pursuant to this section' ... he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed."

Thus, it seems fairly well settled that no matter how you look at it, unless Briand was given a pre-plea admonition regarding a requirement to register the Court is required to dismiss this case.

Since the people's Corpus Delecti cannot be shown with this necessary element deleted, defendant moves for dismissal under section 1385 and the antecedent case in which he pled in 1996 (BA130843) or, if the case cannot be dismissed by this Honorable court, an order for an arrest of judgement (appropriate for a judgement on defendant's plea when that plea is shown to be illegal) under PC 1185.

Respectfully submitted.

_____

Robert J. Cohen
Attorney for Defendant,
Briand Williams

Case 2:02-JVS-MLG   Document 3   Filed 10/04/11   Page 68 of 88   Page ID #:125

OF CALIFORNIA   THE PROFILE   NUMBER BA 130645

| DEFT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIAN BERNARD  10 20 1965  WILLIAMS LOGAN BERNARD  AKA | 90000P | 288-C  C06 CTS | | | ① J. MARTINEZ DA |
| | Disposal-List 02 002 | | | | | |

| Division or Mun. Ct. | 46 | Date of Crime | 02 12 1995 | Arresting Agency | LAPD - SOUTH | Superior Court Judges | Carl West |
|---|---|---|---|---|---|---|---|
| Complaint Filed | | 05 03 1996 | | | | PROBATION NO. K | 1605614 |
| Arraignment Set For | | 05 17 1996 | In Dept. 122 | CENTRAL | | | |

Preliminary transcript and            copies filed            forwarded to            on

Copy of transcript received

| DATE | DEPT | PROCEEDINGS | | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|---|
| | | INFORMATION FILED | Certificate on guilty plea filed | Indictment filed | | |
| 5-17-96 | 122 | X  ① A/PNG  PTC SET  6-25-96  B/122.  TR SET 7-8-96  B/122. | | | ① ILSM  PP | KAMARA |
| | | | | | | Richard Crittenden |
| 7-8-96 | 120 | ① continued 7-15-96  B/122 Aliens | | | ① Crittenden | |
| 7-15-96 | 122 | ① TRANSF TO DEPT ?  ON 7-16-96 | | | ① ILSM  PP | |
| 7-16-96 | 100 | ① TRANSF TO 134  FW. | | | ① ILSM  PP | GALLEGOS |
| 7/16/96 | 134 | ① WD PNG CT 1 and pl not C  288.C PC CT 1 prob 3 years  400 CJ pmt $200 victim $960  VTSUe | | | | M Pelesma |

FURTHER PROCEEDINGS CONTINUED ON BACK SIDE

| DEFT. NO. | BOND FILED | NAME OF SURETY | NAME OF AGENT |
|---|---|---|---|
| | | | |

# WARNING! —— READ THIS! – YOU COULD BE SENT TO PRISON!

**DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTION 6200 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE)**

CASE NO. BA130843

**PEOPLE** vs

CENTRAL

X- 160 5614

DEFT'S ATTY: J. MARTINEZ, PD

01 WILLIAMS BRIAND BERNARD
288.C
06 CTS
WILLIAMS LOGAN BERNARD

90000

Info/Indic/Cert of GP filed & set: 05 17 1996
Date of Crime: 02 12 1995
DEPT 122

| | | | | |
|--|--|--|--|--|
| -2 | 5-17-96 | PD appt'd; Marsden Den; PTC set 6-25-96 8:30/122 (39/60); Trial set 7-8-96 8:2/122 (50/60) | | Rem |
| 2 | 6-25-96 | PTR held TID remains 7-8-96 8:30/122 | Rem |
| 2 | 7-8-96 | 01 TRIAL TRLD 7-15-96 8:30/122 (59/60) | 01 | Rem |
| 2 | 7-15-96 | 01 TRANS FOR TRIAL 7-16-96 8:15/100 60/60 | Rem |
| D | 7/16/96 | 1 — Jorol transf D134 PM | R |
| 4 | 7-16-96 | 01 Cause trans from D100, Cop P nolo to Ct 1 (288.C) PC. Probation prod suspd. Prob 3 yrs 460 days (301) (PSC) Rel | |
| P | 8/4/98 | P Prob cont ST'C, matter O/C | Prob |



ROBERT J. COHEN, Esq. SBN 079891
P.O. BOX 6123
WOODLAND HILLS, CALIFORNIA 91365-6123
818 439 5622, FAX- 818 346 6755
Attorney for Defendant, BRIAND WILLIAMS

ORIGINAL FILED
b/5

MAR 1 4 2011

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, CCB

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff,<br><br>vs.<br><br>BRIAND WILLIAMS,<br><br>       Defendant | Case No. BA377243<br><br>DEFENDANT'S MOTION FOR A JUDGEMENT OF ACQUITTAL; OR NEW TRIAL OF BA130843; OR DISMISSAL OF THIS ACTION; AND/OR ARREST OF JUDGEMENT IN BA130843; COMMON LAW MOTION TO DISMISS.<br><br>DATE:   MARCH   , 2011<br>TIME:   8:30PM<br>DEPT: |

TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY

OF LOS ANGELES, STATE OF CALIFORNIA:

    PLEASE TAKE NOTICE that on **MARCH , 2011**, Defendant,

**BRIAND WILLIAMS,** will move the court for relief as requested above.

    Simply put, in May, 1996, Defendant was charged with a violation of PC 288(c)

in case no. BA130843. The plea and sentence was made in Dept. 134.

1     THE PLEA IN THE 1996 CASE SHOULD BE STRUCK NUNC PRO TUNC

BECAUSE THAT JUDGEMENT IS ILLEGAL IN THAT THERE WAS NO

ADMONISHMENT GIVEN REGARDING ANY PC 290 REQUIREMENTS.

On July 16, 1996 defendant pled no contest to the charge and was sentenced to probation for 3 years, 460 days C. J. with credit given for 460 days, $200 in fines and fees. He was never admonished regarding 290 registration. As will be shown infra, a plea taken without necessary admonishments is illegal on its face and void.

Further, the admonishments must be given before the plea is accepted or it is to no effect and no actions taken after the plea will make it effective. This requirement is constitutional in scope and necessary in order to comply with the requirements of due process contained in the federal 5th and 14 amendments and the California Constitution.

There is a requirement that before registration is required, there has to be an order of the sentencing court to do so. Before that order is effective, there must be an admonishment to the defendant regarding the requirement, the scope of it and it's lifetime nature.the was no admoishment at all referred to the court file of the 1996 plea.

Under the auspices of PC Sections 1118 and 1118.1, Defendant is requesting that this court direct the jury to return a "not guilty" verdict and order that the verdict entered into the record.

The remedy is at least awarding a new trial and, given the long delay, should be dismissed. As is set forth infra, the statute of limitation for this instant PC 290 case (10 years) is long gone and demurrable. Defendant was in pro per when he could have demurred to the information.

## 2    THIS ACTION SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTES OF LIMITATIONS.

This action, brought some 13 years after the plea in the precedent case is so unfair that it shocks the conscience of the law and the community.

In fact, the period of limitation for any action is 10 years.

The court should be aware that Mr. Williams has been incarcerated since about June, 2010 on this inappropriate charge. I made one or two motions for bail but they were denied.

## POINTS AND AUTHORITIES.

## I     THE FILE AS WE KNOW IT TO BE.

Defendant has utilized the the services of ARMANDO V. LOPEZ, a licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the orders of the 1996 court. In order to do so, he had to track the file to the archives and obtain the records.

Mr. Lopez did obtain copies of 13 pages that were the latest that were in the file. Of them, only 2 were from the date of sentence and I have copied them for you. The Court and the People will note, the sentence is recorded on both. There is the plea, the charge, the probationary term, and the fees. What is not there is any reference to registration. There is no admonishment to the defendant and, as will be shown below, that is a necessary part of the plea.

Even though it is the Peoples burden to show there _was_ an admonishment, Mr. Lopez is on call to Defendant and will authenticate these documents should the request it.

## II     STATUTORY AUTHORITIES.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Section 500, California Evidence Code.

"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

Section 520, California Evidence Code.

Procedural Due Process requires notice and the opportunity to be heard (and Mr. Williams was afforded neither). The requirement is in accordance with the 5th and 14th Amendments to the U.S. Constitution and the equivilent portions of the California Constitution.

"Notwithstanding any other limitation of time described in this chapter, ... prosecution for a felony described in subdivision (c) of section 290 **SHALL** be commenced within 10 years after comission of the offense." (emphasis added)

Section 801.1, California Penal Code

"In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgement of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the is insufficient to sustain a conviction of such offense or offenses on appeal...."

Section 1118.1, California Penal Code (1118 if tried by court)

## III    CASE AUTHORITY.

In 1957, The US Supreme Court Court decided **Lambert vs. California, 355 US 225,** holding that "due process" in the form of "ignorance is no excuse" of a registration statute in Los Angeles for a felony conviction was subservient to constitutional Due Process principles. There was no admonishment.

In 1975, Our Supreme Court in **Bunnell vs. Superior Court, 13 Cal3.rd 592,** held that the court record must reflect all material parts of the sentence. "In all guilty plea and submission cases, the defendant **shall** be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, **REGISTRATION REQUIREMENTS,** if any (eg section 290...) ..." (emphasis added);

in 2007 our Courts of Appeal held:in **People vs. Zaidi (2007) 147 C.A.4th 1470** that notice must be clearly given at time of sentence, **no substitution or inferencial notice** (will suffice). ( emphasis added)}: and in **People vs. King, (2007) 151 C.A.4th 1304.** "Since the appellant was not 'ordered ...to register pursuant to this section' ... he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed."

## CONCLUSION

Thus, it seems fairly well settled that no matter how you look at it, unless Briand was given a pre-plea admonition regarding a requirement to register the Court is required to order an acquittal this case.

Since the people's Corpus Delecti cannot be shown with this necessary element missing, defendant moves for a directed verdict of "not guilty" in this case, dismissal under section 1385 of the antecedent (1996) case (BA130843) or, if the case cannot be dismissed by this Honorable court, an order for an arrest of judgement (appropriate for a j judgement on defendant's plea when that plea is shown to be illegal) under PC 1185.

Respectfully submitted,                                            March 10, 2011

Robert J. Cohen
Attorney for Defendant,
Briand Williams

OF CALIFORNIA | THE PEOPLE | NUMBER BA126887

| DEPT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIAND BERNARD  10 20 1965  WILLIAMS LOGAN BERNARD  AKA | $90000 | P 288-C  C06 CTS | | | ① J. MARTINEZ DPO |

Disposal-List 02 002

| Division or Mun. Ct. 46 | Date of Crime  02 12 1995 | Arresting Agency  LAPO - SOUTH | Superior Court Judges  Carol West |
|---|---|---|---|
| Complaint Filed: 05 03 1996 | | | PROBATION NO. X  Y605614 |
| Arraignment Set For  05 17 1996 | In Dept. 122  CENTRAL | | |
| Preliminary transcript and | copies filed | forwarded to | on |
| Copy of transcript received | | | |

| DATE | DEPT | PROCEEDINGS | | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|---|
| | | INFORMATION FILED | Certificate on guilty plea filed | Indictment filed | | |
| 5-17-96 | 122 | X ① A/PNG PTC SET 6-25-96 | 8/122. | | ⑪ ILSM PP | KAMARA |
| | | TR SET 7-8-96 8/122. | | | | |
| | | ② ① | | | | |
| | | REM D 7-8-96 | | | | |
| 7/8/96 | 120 | ① tr/ted 7-15-96  8/122 trans | | | NO D at tender | |
| 7-15-96 | 122 | ① TRANSF TO DEPT ? ON 7-16-96 | | | ① REM PP | " " |
| 7-16-96 | 100 | ① TRANSF TO 134 F/W. | | | ① ILSM PP | GALLEGOS |
| 7/16/96 | 134 | ① WD PNG CTI house and P/NoL C  288-C PC CTI Prbgrt 3 years  40 C CJ rest $200 rest $460-  VCtoue  ① vel | | | ① M pelerson | |

FURTHER PROCEEDINGS CONTINUED ON BACK SIDE

| DEFT. NO. | BOND FILED | NAME OF SURETY | NAME OF AGENT |
|---|---|---|---|

# HEAD THIS: YOU COULD BE SENT TO PRISON!

**DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTION 6200 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE)**

| | | | Bench Warrant | | | CASE NO. BA130843 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | PEOPLE vs | CENTRAL | | Inp. | Rectd | BAIL INFORMATION | | | | |
| | | | | | | Bond No. | Forf | Rein | Exon |
| 01 | WILLIAMS BRIAND BERNARD 288.C | *I* /605614 DEFT'S ATTY: J. MARTINEZ, PD | | | | | | | | |
| 04 CTS | WILLIAMS LOGAN BERNARD | AKA | | | | | | | | |
| | 90000 | | | | | | | | | |
| | | *I* DEFT'S ATTY: | | | | | | | | |
| | | *I* DEFT'S ATTY: | | | | | | | | |

| Info/Indic/Cert of GP Wed & set | 05 17 1996 | DEPT 122 | TRIAL JUDGE: | | | | STATUS |
|---|---|---|---|---|---|---|---|
| Date of Crime: | 02 12 1995 | | PEOPLE'S ATTORNEY: | | | | |

| | 5-17-96 | 02 | PD appt'D; means 3kw DEW; PTC SET 6-25-96 8:30/122 (39/60); TRIAL SCT 7-8-96 8:30/122 (59/60) | | Rem |
|---|---|---|---|---|---|
| 2 | 6-25-96 | 01 | PTC held TID remains 7-8-96 8:30/122 | | Rem |
| 2 | 7-8-96 | 01 | TRIAL TRLD 7-15-96 8:30/122 (59/60) | 01 | Rem |
| 2 | 7-15-96 | 01 | TRANS FOR TRIAL 7-16-96 8:15/100 60/60 | | Rem |
| 10 | 7-16-96 | 1 | Trial transf D134 PAN | | R |
| 11 | 7-16-96 | 01 | Cause trans from D100, Cop P rule to Ct 1 (288.C) PC Kennedy hired susp- Prob 3 yrs 460 days (301) (PSC) | | Rel |
| P | 3-11-98 | P | Pro CONT ST C. Matter O/C | | Pro |



This Motion Was Refused
To Be Heard by Honorable
Judge Klein On 3-14-2011
In Dept. 126 Due To Counsel
Forum Shopping (Judge Shopping)

Exhibit (E)
Exhibit (E)

ROBERT J. COHEN, Esq. SBN 079891
P.O. BOX 6123
WOODLAND HILLS, CALIFORNIA  91365-6123
818 439 5622, FAX- 818 346 6755
Attorney for Defendant, BRIAND WILLIAMS

ORIGINAL FILED

MAR 1 4 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, CCB

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAND WILLIAMS,<br><br>Defendant | Case No.  BA377243<br><br>DEFENDANT'S MOTION FOR A JUDGEMENT OF ACQUITTAL; OR NEW TRIAL OF BA130843; OR A DISMISSAL OF THIS ACTION BASED ON THE STATUTE OF LIMITATIONS;OR DISMISSAL OF THIS ACTION BASED ON LACK OF ADMONISHMENT; AND/OR ARREST OF JUDGEMENT IN BA130843; COMMON LAW MOTION TO DISMISS.<br><br>DATE:   MARCH 14, 2011<br>TIME:   8:30PM<br>DEPT:   126 |

TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY

OF LOS ANGELES, STATE OF CALIFORNIA:

PLEASE TAKE NOTICE that on **MARCH 14 , 2011**, Defendant,

**BRIAND WILLIAMS,** will move the court for relief as requested above.

Simply put, in May, 1996, Defendant was charged with a violation of PC 288(c)

in case no. BA130843. The plea and sentence was made in Dept. 134.

1    THE PLEA IN THE 1996 CASE SHOULD BE STRUCK NUNC PRO TUNC

BECAUSE THAT JUDGEMENT IS ILLEGAL IN THAT THERE WAS NO

## ADMONISHMENT GIVEN REGARDING ANY PC 290 REQUIREMENTS.

On July 16, 1996 defendant pled no contest to the charge and was sentenced to probation for 3 years, 460 days C. J. with credit given for 460 days, $200 in fines and fees. He was never admonished regarding 290 registration. As will be shown infra, a plea taken without necessary admonishments is illegal on its face and void.

Further, the admonishments must be given before the plea is accepted or it is to no effect and no actions taken after the plea will make it effective. This requirement is constitutional in scope and necessary in order to comply with the requirements of due process contained in the federal 5th and 14 amendments and the California Constitution.

There is a requirement that before registration is required, there has to be an order of the sentencing court to do so. Before that order is effective, there must be an admonishment to the defendant regarding the requirement, the scope of it and it's lifetime nature. the was no admoishment at all referred to the court file of the 1996 plea.

Under the auspices of PC Sections 1118 and 1118.1, Defendant is requesting that this court direct the jury to return a "not guilty" verdict and order that the verdict entered into the record.

The remedy is at least awarding a new trial and, given the long delay, should be dismissed. As is set forth infra, the statute of limitation for this instant PC 290 case (10 years, infra) is long gone and demurrable. Defendant was in pro per when he could have demurred to the information.

## 2    THIS ACTION SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTES OF LIMITATIONS.

This action, brought some 13 years after the plea in the precedent case is so unfair that it shocks the conscience of the law and the community.

In fact, the period of limitation for any action is 10 years.

The court should be aware that Mr. Williams has been incarerated since about June, 2010 on this inappropriate charge. I made one or two motions for bail but they were denied.

## POINTS AND AUTHORITIES.

### I        THE FILE AS WE KNOW IT TO BE.

Defendant has utilized the the services of ARMANDO V. LOPEZ, a licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the orders of the 1996 court. In order to do so, he had to track the file to the archives and obtain the records.

Mr. Lopez did obtain copies of 13 pages that were the latest that were in the file. Of them, only 2 were from the date of sentence and I have copied them for you. The Court and the People will note, the sentence is recorded on both. There is the plea, the charge, the probationary term, and the fees. What is not there is any reference to registration. There is no admonishment to the defendant and, as will be shown below, that is a necessary part of the plea.

Even though it is the Peoples burden to show there _was_ an admonishment, Mr. Lopez is on call to Defendant and will authenticate these documents should the request it.

### II        STATUTORY AUTHORITIES.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Section 500, California Evidence Code.

"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

Section 520, California Evidence Code.

Procedural Due Process requires notice and the opportunity to be heard (and Mr. Williams was afforded neither). The requirement is in accordance with the 5th and 14th Amendments to the U.S. Constitution and the equivilent portions of the California Constitution.

_**"Notwithstanding any other limitation of time described in this chapter, ... prosecution for a felony described in subdivision (c) of section 290 SHALL be commenced within 10 years after comission of the offense." (emphasis added)**_
**_Section 801.1, California Penal Code_**

"In a case tried by the court without a jury, a jury been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgement of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgement of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."
Section 1118, California Penal Code

"In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgement of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the is insufficient to sustain a conviction of such offense or offenses on appeal...."
Section 1118.1, California Penal Code (1118 if tried by court)

## III     CASE AUTHORITY.

In 1957, The US Supreme Court Court decided **Lambert vs. California, 355 US**

**225,** holding that "due process" in the form of "ignorance is no excuse" of a registration statute in Los Angeles for a felony conviction was subservient to constitutional Due Process principles. There was no admonishment.

In 1975, Our Supreme Court in **Bunnell vs. Superior Court, 13 Cal3.rd 592,** held that the court record must reflect all material parts of the sentence. "In all guilty plea and submission cases, the defendant **shall** be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, **REGISTRATION REQUIREMENTS,** if any (eg section 290...) ..." (emphasis added); in 2007 our Courts of Appeal held:in **People vs. Zaidi (2007) 147 C.A.4th 1470** that notice must be clearly given at time of sentence, **no substitution or inferencial notice** (will suffice). ( emphasis added)}: and in **People vs. King, (2007) 151 C.A.4th 1304.** "Since the appellant was not 'ordered ...to register pursuant to this section' ... he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed."

## CONCLUSION

Thus, it seems fairly well settled that no matter how you look at it, unless Briand was given a pre-plea admonition regarding a requirement to register the Court is required to order an acquittal this case.

Since the people's Corpus Delecti cannot be shown with this necessary element missing, defendant moves for a directed verdict of "not guilty" in this case, dismissal under section 1385 of the antecedent (1996) case (BA130843) or, if the case cannot be dismissed by this Honorable court, an order for an arrest of judgement (appropriate for a j judgement on defendant's plea when that plea is shown to be illegal) under PC 1185.

Even if the court disagrees with the lack of admonition being grounds for dismissal of the 1996 case, whatever was done with the case now before the court was

done at least 13 years ago (2009) or 14 years ago (filing of the case) and is 3 or 4 years

past the period allowed by law to take any action against defendant based on the 1996

judgement.

Respectfully submitted,                                      March 13, 2011

_____
Robert J. Cohen
Attorney for Defendant,
Briand Williams

NUMBER BA 130849 1

OF CALIFORNIA THE PEOPLE

| DEPT ID | NAME | BAIL | 1st CHARGE | 2nd CHARGE | 3rd CHARGE | ATTORNEY FOR DEFENDANT |
|---|---|---|---|---|---|---|
| 01 | WILLIAMS BRIANO BERNARD 10 23 1965 | $50000P | 288-C C06 CTS | | | ① J. MARTINEZ DFD |
| | WILLIAMS LOGAN BERNARD | AKA | | | | |
| | Disposal-List 02 002 | | | | | |

| Division or Mun. Ct. 46 | Date of Crime 02 13 1995 | Arresting Agency LAPD - SOUTH | Superior Court Judges CarlWest |
|---|---|---|---|
| Complaint Filed: 05 03 1996 | | | PROBATION NO. K |
| Arraignment Set For 05 17 1996 | | In Dept. 122 CENTRAL | 1605614 |
| Preliminary transcript and | copies filed | forwarded to | on |
| Copy of transcript received | | | |

| DATE | DEFT | PROCEEDINGS | | | ENTERED BY | REPORTER |
|---|---|---|---|---|---|---|
| | | INFORMATION FILED X | Certificate on guilty plea filed | indictment filed | | |
| 5-17-96 | 122 | ① A/PNG PTC SET 6-25-96 B/122 | | | PP | KAMARA |
| | | TR. SET 7-8-96 B/122 | | | | |
| | | ① | | | | Rene Crittender |
| | | REM'D 7-8-96 | | | | |
| 7/8/96 | 122 | ① transfered 7-15-96 B/122 Adams | | | NO Da crittender |
| 7-15-96 | 122 | ① TRANSF TO DEPT 2 ON 7-16-96 | | | PP | " " |
| 7-16-96 | 100 | ① TRAN TO 134 F/W | | | PP | GALLEGOS |
| 7/16/96 | 134 | ① WDPNG CTL pournd P/NOLO 288.C PC CT1 pb apt 3 years 40CJ sept $200 rc sdpt 960 cstd FURTHER PROCEEDINGS CONTINUED ON BACK SIDE | | | | M pelesm |

| DEFT. NO. | BOND FILED | NAME OF SURETY | NAME OF AGENT |
|---|---|---|---|

CORREA & ASSOCIATES 562888128 FAX 04/03/2011 13:42

# WARNING! — READ THIS! — YOU COULD BE SENT TO PRISON!

**DO NOT REMOVE, DAMAGE OR CONCEAL THIS FILE, OR CHANGE OR TAKE ANYTHING OUT OF IT, OR TAKE IT APART FOR ANY REASON. IF YOU DO, YOU ARE GUILTY OF A SERIOUS CRIME, AND COULD BE SENT TO STATE PRISON. (SECTIONS 5204 AND 6201 OF THE CALIFORNIA GOVERNMENT CODE.)**

CASE NO. 8A730563

| PEOPLE | CENTRAL | | |
|---|---|---|---|
| 08606 | X 160 5614 | | |
| 01 WILLIAMS DELANO BERNARD | DEFT'S ATTY J. MARTINEZ, PD | | |
| 06 CTS WILLIAMS LOGAN BERNARD | AKA | | |
| 90000 | | | |

Date of Crime: 02 12 1995
Date filed/Date of CR filed & set: 05 17 1996
DEPT 122

| | | | | |
|---|---|---|---|---|
| 5-17-96 | | no motion; arraign; plea; PTC set 6-25-96 8-30/122 (59/60); jury set 7-8-96 5-24/122 (59/60) | | |
| 6-25-96 | 01 | PTC held TID remains 7-8-96 59/122 | | |
| 7-8-96 | D1 | trial held 7-15-96 8:30/122 (59/60) | | |
| 7-15-96 | 01 | trans for trial 7-16-96 8:15/100 60/60 | | |
| 7-16-96 | 1 | ... D134 ... | | |
| 7-16-96 | D1 | ... | | |
| | | ... | | |
| 3-14-98 | P | ... cont 5T C motion OK | | |



Proof of Service by Mail
*28 USC 31746. et seq.*

In re _Briand Williams_                     Case No. _BA138843 & BA373343_

I declare that:

I am a resident of the city or town of _Los Angeles_ in the county of _Los Angeles_, California. I am over the age of 18 years. My residence address is: _Temporarily: LAMCJ, Terminal Annex, P.O. Box 86164, LA, Calif. 93282-8164_

On the date of _June 2nd, 2011_, I served the attached _Petition For Writ of Habeas Corpus and/or Mandate_ on the Respondent in this case by placing a true copy thereof in a sealed envelope with postage fully paid in the United States mail in the town or city of _Los Angeles_, addressed as follows:

D.A.'s Ofc.
ATTN. Steve Cooley
Los Angeles Criminal Court
18th Fl. Dep-112
210 West Temple Street
Los Angeles, Calif. 90012

Attn. Gen. Ofc.
Ronald Reagan
Federal Building
Main Lobby
1st. Flr. S. Tower
300 S. Spring Street
Los Angeles, Ca 90013

Leroy D. Baca
Sheriff's Dept.
Headquarters
LASD HDQTRS.
4700 Ramona Bl.
Monterey Pk., Ca
91754-8169

LASA-Ct2
Mezzanine
Appellate Div.
210 W. Temple St.
L.A. Ca. 90012

2nd App. Dist.
Ronald Reagan
Federal Bldg.
and F.R. N. Tower
300 S. Spr. St.
L.A. Ca. 90013

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on _June 2nd, 2011_ [date], at _Los Angeles_, California.

_Briand Williams_
[Type or Print Name]

_[signature]_
[Signature]

28